J. O. LEE, Plaintiff and Appellant, v. T. J. LEE, WILLIS M. LEE, CELLA L. KENNEDY, NINA LEE, ANNA M. LEE, HAROLD ROOKER, DOROTHY ROOKER, Defendants and Appellants, and HATTIE V. LEE, Defendant and Appellee.

**Divorce:** STATUTES: REMARRIAGE. Our statute prohibiting remarriage within one year after divorce is only applicable to those cases where the decree of divorce does not provide otherwise: So that where a divorce was granted in a foreign state under a statute prohibiting remarriage within six months the divorced party could not lawfully remarry in this state within that period, whether the foreign statute or the statute of this state be applied.

**Same:** COHABITATION: EFFECT. Although the cohabitation of a party remarried within the period prohibited by law is meretricious during the period of prohibition, still, where there was a proper marriage ceremony continued cohabitation after the expiration of the prohibition renders the marriage valid.

**Partition:** ATTORNEY'S FEES. In contested actions for partition, attorney's fees for the plaintiff's attorney are not to be charged against the common fund.

*Appeal from Polk District Court.*—HON. JAMES A. HOWE, Judge.

WEDNESDAY MARCH 8, 1911.

ACTION of partition. The parties to the case are the heirs and widow of John N. Lee, deceased and intestate. The controversy in the case arises over the question whether the defendant, Hattie V. Lee, was the lawful wife of John N. Lee, and whether she may now, as his lawful widow, take any part of his estate. There was a decree in her favor, and the other parties have appealed.—*Modified and affirmed.*

*Franklin & Miller,* for appellants.

*Clark & Hutchinson,* for appellee.

EVANS, J.—The defendant, Hattie V. Lee, was married to the deceased, John N. Lee, by proper ceremony at Harlan, Iowa, November 27, 1907. Thereupon the parties lived together as husband and wife until the death of John N. Lee on July 7, 1908. He left surviving him children by a former marriage as his only heirs at law, all of whom are parties to this case and all of whom contest the right of the alleged widow to participate in the estate as such. The grounds of such contest may be briefly stated as follows: Mrs. Lee was formerly the wife of one Wellington Bilger. In December, 1892, Bilger absconded. For two or three years thereafter he kept up an affectionate correspondence with his wife; the last letter from him being received by her in March, 1896. At that time he was expecting to sail for Australia. He has never been heard from by any of his friends or relatives since that time. In 1897 the defendant (then known as Mrs. Bilger and now as Mrs. Lee) became a resident of Nebraska and continued such residence until the time of her marriage to Mr. Lee. In 1907 she became acquainted with John N. Lee, who was then a widower. She thereupon instituted a divorce proceeding against Wellington Bilger in the state of Nebraska. This proceeding resulted in a decree, regular in all respects, granting her a decree of divorce. Such decree was entered November 16, 1907.

The contention of the appellants is that under the provisions of section 3181 of our Code Supp. 1907, the defendant was prohibited from marrying within one year after obtaining a decree of divorce, and that her purported marriage was therefore void, because prohibited. It is further contended that, if section 3181 should not be deemed applicable to

1. DIVORCE:
statutes:
remarriage.

her case, such marriage was prohibited by the laws of Nebraska and by the terms of her decree of divorce, and that her purported marriage was void for such reason. As against this it is contended for the defendant as follows: (1) That her husband was presumptively dead and no divorce was necessary. (2) That section 3181 of our Code Supp. 1907, has no application to her case, because her decree of divorce was obtained in the state of Nebraska, and its force and effect must be determined under the laws of that state. (3) That by the law of Nebraska and by the terms of the decree itself, she was permitted to marry within six months, and that, though the marriage were void at its inception, it became valid after the expiration of six months by the continued cohabitation of the parties as husband and wife. The trial court found that the presumption of death of the former husband was not available to the defendant; that section 3181 of our Code Supp. 1907, was not applicable to her case; that under the law of Nebraska, and under the provisions of the decree of divorce, the prohibition against her marriage endured only for six months, and that her marriage became valid after the expiration of that period. The argument has taken a very wide range and is replete with instructive discussion. The case is on the border line of some troublesome questions which have properly received the intelligent consideration of counsel and upon which much manifest labor has been expended. Our conclusions in the case render it unnecessary that we follow counsel into all these questions.

Whether the prohibitory provisions of the statute of another state have ever any extraterritorial effect, and whether the prohibition of section 3181 of our Code Supp. 1907, applies to a person whose decree of divorce was obtained in another state, are questions which we do not find it necessary to decide in a categorical sense in this case.

Section 3151, Code, provides as follows: "A marriage between persons prohibited by law, or between persons either of whom has a wife or a husband living, is void; but, if the parties live and cohabit together after the death or divorce of the former husband or wife, such marriage shall be valid."

Section 3181 provides: "In every case in which a divorce is decreed, neither party shall marry again within a year from the date of the filing of said decree unless permission to do so is granted by the court in such a decree; provided, however, that nothing herein contained shall prevent the persons divorced from remarrying each other. Any person marrying contrary to the provisions of this act shall be deemed guilty of a misdemeanor and punished accordingly."

In pursuance of the Nebraska statute, the decree of divorce obtained by the defendant against her former husband contained the following provisions: "It is further ordered and decreed that neither party hereto may remarry, unless with the other, within six months from the entry of this decree."

It is manifest, therefore, that the defendant was under prohibition to marry, whichever statute may be deemed applicable to her case. Because of such prohibition, we may further assume, as claimed by appellant, that the marriage was void in its inception under the provision of section 3151 above quoted, although this question is not free from doubt and we do not find it necessary to decide it. If we hold the marriage void in its inception under the provisions of section 3151, it must also be held, under the remaining provisions of the same section, that the expiration of the period of prohibition removed the obstacle to the validity of the marriage, and that continued cohabitation thereafter rendered the marriage valid. When did the period of prohibition expire? At the end of one year, say the appellants. At the end of six months, says the

appellee. The issue at this point is vital. The appellants'
contention is based upon the theory that section 3181 above
quoted has application to every decree of divorce, wheth-
er obtained in this or in any other state. If it were
necessary to decide this question, we should find difficulty
in applying this statute to a decree obtained in another
state. It will be noted that this statute of ours does not
contain an absolute prohibition against remarriage for the
period of one year. On the contrary, it impliedly confers
power upon the court to grant "permission to. do so
. . . in such decree." Manifestly our statute could
not undertake to confer power upon the courts of other
states nor could the courts of other states be controlled by
our statutes in the granting of valid decrees of divorce.
Passing that question without deciding it, let it be noted
that the period of one year provided for in our statute is
applicable *only to those cases where the decree of divorce
does not provide otherwise.* In other words, the prohibi-
tion is not absolute. It does not render unlawful the
marriage of a divorced person within one year, *if the de-
cree of divorce provides otherwise.* The decree of divorce
under consideration in this case did provide otherwise.
If such decree had been rendered in the state of Iowa,
it is manifest that our statute would not be a bar to
a valid marriage after six months. If the same statute is
held to be applicable to a Nebraska decree, as appellants
contend, the same result necessarily follows. It seems clear
to us, therefore, that the decree under consideration in
this case, *permitted marriage after six months,* and it there-
by answered the call of the statutes of both states, and it
is unnecessary to decide which shall be deemed applicable.

Some question is raised as to whether the continuance
of cohabitation after the expiration of the six months period
2. SAME: cohabi- of prohibition should not be deemed as nec-
tation: effect. essarily meretricious. This contention is
based upon the theory that their cohabitation up to that

point was necessarily unlawful, and therefore meretricious, and that a presumption of continued meretricious relations would obtain. We think that the provision of section 3151 is fatal to this contention. See, also, *Smith v. Fuller,* 138 Iowa, 91. Inasmuch as the parties were married by proper ceremony and cohabited together in pursuance of such marriage ceremony after the expiration of the period of prohibition specified in the decree of divorce, the marriage must be deemed valid after the expiration of such period of prohibition.

II. The trial court awarded attorney's fees out of the common fund to the plaintiff's attorneys. From this part of the order, the defendant herself has appealed. That no

3. PARTITION: attorneys' fees. part of the attorney's fees allowed plaintiff's counsel should be charged against the defendant's share is determined in *Hawk v. Day,* 148 Iowa, 47. Counsel for the other parties so concede in their argument here, and express their willingness to relinquish any claim against the defendant's share for such fees. As this is a matter which pertains only to a taxation of costs, we see no occasion for reversal on defendant's appeal. The decree and order entered below will be modified to that extent. In all other respects the decree of the trial court is affirmed.—*Modified and affirmed.*