JOSIAH DUDLEY, Appellee, v. LUELLA M. DUDLEY, Appellant.

**Marriage and divorce:** STATUTES: REMARRIAGE: MODIFICATION OF DECREE. Statutes relating to divorce and remarriage have no extra-territorial effect: So that where one divorced in this State was remarried in a foreign State within the time prohibited by our statute for remarriage, and subsequently returned to this state to live, the remarriage in the foreign state being valid there was also valid here, and was not ground for modification of the decree of divorce, as in violation of law or against good morals or public policy.

*Appeal from Greene District Court.*—HON. F. M. POWERS, Judge.

·SATURDAY, APRIL 8, 1911.

APPLICATION for modification of a decree of divorce regarding the custody of a minor child. The trial court granted the relief asked, and defendant appeals. *Reversed.*

*Faville & Whitney* and *Wilson & Albert,* for appellant.

*Howard & Howard,* for appellee.

DEEMER, J.—By a decree entered January 1, 1909, the parties to this action were divorced. By that decree the following order was made as to the custody of their minor child, a boy six years of age:

That the said child shall remain in the care, custody, and control of the defendant, the mother, until the 1st day of June, A. D. 1909; that the child then may be taken by the plaintiff, the father, into his care, custody, and

control for a period of six months from that date; and then that the defendant, the mother, may take him into her care, custody, and control for the succeeding six months, and that this order and judgment and finding shall then apply as to the custody of said child, the plaintiff and defendant, the father and the mother of said child, alternating in each six months, the plaintiff's six months commencing on the 1st day of June of each year, and the defendant's on the 1st day of December of each year, and to continue until the child is fourteen years of age, when as under the law he will have the right to select his own guardian.

On August 23, 1909, plaintiff, the father, filed an application for the modification of this part of the decree, asking that the court give him the absolute care and custody of the child. This was answered by defendant, and on the issues joined the original decree was modified as prayed. Defendant appeals.

The only allegations showing change of conditions and reasons for the modification asked were in this language:

That during the larger portion of the time said child was subjected to the control of the defendant prior to June 1, 1909, said child was not with the defendant, but that the defendant left said child with her mother, the grandmother of said child, and the defendant removed some considerable distance from the place where said child was kept. That by the terms of said decree there was no provision made authorizing the plaintiff or defendant, or either of them, to again remarry within one year, and that therefore, by the provisions of the statute in such cases made and provided, the plaintiff and defendant were each enjoined and prohibited from marrying within one year from the date of the entry of said decree. That contrary to and in violation of the terms of said decree and the provisions of the statutes of Iowa, and for the purpose of evading the criminal statutes of the state of Iowa, the defendant temporarily left the state of Iowa, and went to the state of Nebraska, as plaintiff is informed and be-

lieves and alleges the fact to be, and was there married to one Roy Mullen on or about the 18th day of May, 1909. That said defendant and the said Mullen returned immediately to the state of Iowa, and took up their residence and cohabited together as husband and wife on a farm in Buena Vista county, Iowa, and are now residing within said Buena Vista county, Iowa, and cohabiting together as husband and wife. That, for the purpose of concealing from this court and the plaintiff the fact as to said marriage, the said defendant has enjoined and cautioned the said minor child not to divulge to this plaintiff the fact as to said marriage, and that plaintiff would have been ignorant of such fact had he not been advised of said fact by parties in Buena Vista county, Iowa, having knowledge thereof. . . . That plaintiff is earning good wages, and amply able and willing to support and well provide for said minor. That the defendant has no property or means of support except such support as she will receive from her said husband, who, as plaintiff is informed, possesses little or no property, and that said child will therefore be cast upon his said stepfather for his support even if he should reside with his said mother, the defendant.

Plaintiff further pleaded a statute of Nebraska with reference to the remarriage of divorced parties, reading as follows:

It shall be unlawful for any person who shall obtain a decree of divorce to marry again during the time allowed by law for commencing proceedings in error or by appeal for the reversal of said decree. And in case such proceedings shall be instituted it shall be unlawful for defendant in error, or appellee, to marry again during the pendency of such proceedings, and a violation of this act shall subject the party violating it to the penalties as in other cases of bigamy.

Violation of the terms of this statute are also relied upon. Something is said in argument about the court reserving power of modification of the decree as to the custody of the child in the original decree itself, and claim is also made that defendant has used profane language

in the presence of the child and is an unfit person to have its custody. But there is nothing in either of these contentions. The original decree made no reservation save as the statute itself provides for a modification, and there is no pleading to support the charge that the defendant is an unfit person to have the custody of the infant. Even if there had been such a charge, there is no testimony that defendant's habits have changed in any respect since the original decree was entered. The sole ground for the modification of the decree is the claim that the defendant violated both the law of this state and that of Nebraska in marrying one Mullen in the state of Nebraska on the 18th day of May, 1909, and in living with him as her husband in this state since that time. If such violation of law is shown, it might be ground for modifying the original decree. Such statutes as the one existing in this state or the one copied from the Nebraska statutes have no extraterritorial effect. The original decree was passed in this state where the parties were domiciled. Defendant on the advice of an attorney went to Nebraska and there married Mullen, and soon returned to this state, where she has since lived with him as his wife. This act was not in violation of our law, as it took place in Nebraska. It was not in violation of the Nebraska statute for the reason that no decree was entered in that state forbidding the marriage. The marriage was good in Nebraska where consummated, and, being valid there, was valid when the parties returned to this state. These are familiar doctrines sustained by the great weight of authority. See *Com. v. Graham,* 157 Mass. 73 (31 N. E. 706, 16 L. R. A. 578, 34 Am. St. Rep. 255); *Thorp v. Thorp,* 90 N. Y. 602 (43 Am. Rep. 189); *Ex parte Chace,* 26 R. I. 357 (58 Atl. 978, 69 L. R. A. 493); *Norman v. Norman,* 121 Cal. 620 (54 Pac. 143, 42 L. R. A. 343, 66 Am. St. Rep. 74); *Canale v. People,* 177 Ill. 219 (52 N. E. 310); *Medway v. Medhan,* 16 Mass. 157 (8 Am. Dec. 131);

*Gibson v. Gibson,* 24 Neb. 394 (39 N. W. 450). The exceptions to this rule are pointed out in *Com. v. Lane,* 113 Mass. 458 (18 Am. Rep. 509); but none of these exceptions apply to this case. See, also, *Hutchins v. Kimmell,* 31 Mich. 126 (18 Am. Rep. 164); *Van Voorhis v. Brutnall,* 86 N. Y. 18 (40 Am. Rep. 505). So that defendant was not guilty of any violation of law. There is nothing in the record to show that Mullen is an improper person to have such custody and care of the child as he acquired by virtue of his marriage to the defendant. And defendant's remarriage, under the circumstances shown, does not constitute such a breach of good morals or of public policy as to brand her with unfitness for the custody of her child.

No valid reason is shown for modifying the decree, and the order of the trial court upon the application must be, and it is, *reversed.*