THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CARLTON PROUTY, Plaintiff in Error.

*Opinion filed February 21, 1914.*

1. EQUITY—*a court of equity has no jurisdiction over criminal matters.* A court of equity exercising its general powers has no jurisdiction over matters merely criminal or immoral, where no property rights are involved.

2. CONTEMPT—*court of equity cannot punish party for contempt in marrying in violation of the statute and decree.* The fact that a divorce decree embodies the prohibition of section 1a of the Divorce act against the parties marrying again within one year, does not authorize that court to adjudge one of such parties in contempt for violating such provision but the punishment of such party must be left to a court of criminal jurisdiction, and the penalty provided by the statute must be presumed to be adequate.

3. DIVORCE—*court has no power to enjoin parties from marrying again within one year.* A court of equity exercising its jurisdiction in a divorce case has no power to embody in the decree an injunctional order against the parties marrying again within one year unless such power is given by statute, and a violation of such injunctional order does not authorize the court to punish the offending party for contempt.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

LOUIS J. PIERSON, and GEORGE M. MARTIN, for plaintiff in error.

JOHN L. FOGLE, *amicus curiæ.*

Mr. CHIEF JUSTICE COOKE delivered the opinion of the court:

On October 25, 1912, Carrie B. Prouty obtained a decree of divorce against Carlton Prouty, the plaintiff in error, upon a bill filed by her in the circuit court of Cook county charging the plaintiff in error with desertion. This decree contained the following provision: "It is further ordered, adjudged and decreed that neither party shall marry again within the time prohibited by the statute unless they re-marry each other." Thereafter, on October 29, 1912, plaintiff in error and Mary Busscher, both residents of Cook county, in this State, were married at Laporte, in the State of Indiana, and after their marriage they returned to Cook county, where they have ever since resided. Shortly after his marriage to Mary Busscher the plaintiff in error was brought before the circuit court of Cook county to show cause why he should not be adjudged guilty of contempt of court for a violation of that portion of the divorce decree above quoted, and the fact of his marriage having been fully established, the circuit court on June 11, 1913, rendered a judgment finding plaintiff in error guilty of contempt of court and fixing his punishment at imprisonment in the

county jail of Cook county for ninety days and the payment of a fine of $500. To reverse this judgment Prouty sued out a writ of error from this court.

One of the grounds urged for reversal is that the injunctional order in the decree of divorce was void. If this position is correct it constitutes a complete defense to the contempt charge. *Dickey* v. *Reed,* 78 Ill. 261; *People* v. *McWeeny,* 259 id. 161.

The statute referred to in the decree, and upon which the injunctional order was evidently based, is section 1a of the Divorce act, which became effective July 1, 1905. (Laws of 1905, p. 194.) That section is as follows: "That in every case in which a divorce has been granted for any of the several causes contained in section 1 of said act, neither party shall marry again within one year from the time the decree was granted: *Provided,* when the cause for such divorce is adultery, the person decreed guilty of adultery shall not marry for a term of two years from the time the decree was granted: *Provided, however,* that nothing in this section shall prevent the persons divorced from re-marrying each other; and every person marrying contrary to the provisions of this section shall be punished by imprisonment in the penitentiary for not less than one year, nor more than three years, and said marriage shall be held absolutely void."

This statute has a double aspect, as we pointed out in *Wilson* v. *Cook,* 256 Ill. 460. In prohibiting the marriage of either of the divorced parties within the time specified it is not penal in its nature. So far it treats the innocent and the guilty alike, and in that respect it is no part of its purpose to punish the party whose fault furnished the grounds for securing the divorce. In its other aspect the statute is penal in its nature, as it makes it a felony for either of the divorced parties to marry within the time prohibited unless the divorced persons should re-marry each other. In addition to this punishment the marriage shall

be held absolutely void; and this result follows, so far as
the rights of the parties within this State are concerned,
even though the marriage should be performed in some
other jurisdiction. *Wilson* v. *Cook, supra.*

The only effect of the prohibition against marriage con-
tained in this decree is to enjoin the parties from violating
this statute. A court of equity exercising its general pow-
ers has no jurisdiction over matters merely criminal or im-
moral, where no property rights are involved. "It is ele-
mentary law that the subject matter of the jurisdiction of
the court of chancery is civil property. The court is con-
versant only with questions of property and the mainte-
nance of civil rights. Injury to property, whether actual
or prospective, is the foundation on which the jurisdiction
rests. The court has no jurisdiction in matters merely
criminal or merely immoral which do not affect any right
to property." (*Sheridan* v. *Colvin,* 78 Ill. 237.) "It is no
part of the mission of equity to administer the criminal
law of the State or to enforce the principles of religion and
morality, except so far as it may be incidental to the en-
forcement of property rights, and perhaps other matters of
equitable cognizance." (*Cope* v. *Fair Association of Flora,*
99 Ill. 489.) "Injury to property, whether actual or pros-
pective, is the foundation upon which the jurisdiction of
courts of equity rests." (*People* v. *McWeeney, supra.*)
"Again, it is objected that it is outside of the jurisdiction
of a court of equity to enjoin the commission of crimes.
This, as a general proposition, is unquestioned. A chan-
cellor has no criminal jurisdiction. Something more than
the threatened commission of an offense against the laws
of the land is necessary to call into exercise the injunctive
powers of the court. There must be some interferences,
actual or threatened, with property or rights of a pecuniary
nature." (*In re Debs,* 158 U. S. 564.) "If a charge be
of a criminal nature or an offense against the public, and
does not touch the enjoyment of property, it ought not to

be brought within the direct jurisdiction of this court, which was intended to deal only in matters of civil right resting in equity or where the remedy at law was not sufficiently adequate. * * * The plain state of the case, then, is, that an information is here filed by the Attorney General to redress and restrain by injunction the usurpation of a franchise, which, if true, amounts to a breach of law and of public policy. I may venture to say that such a prosecution is without precedent in this court, but it is supported by a thousand precedents in the courts of law. How, then, can I hesitate on the question of jurisdiction?" *Attorney General* v. *Utica Ins. Co.* 2 Johns. Ch. 371.

Other holdings to the same effect as those just quoted might be cited, but the proposition is well settled and understood that a court of equity has no jurisdiction in matters which do not involve property or civil rights. No such rights were involved here as to warrant a decree enjoining the parties to the divorce suit from violating a penal statute by marrying within the prohibited time. The punishment for this offense, should it ever occur, must be left to a court of different jurisdiction, and the penalty provided by the statute itself must be presumed to be adequate.

If, then, a court of equity, in the exercise of its general equity powers, has no jurisdiction to enter such an injunctional order, it cannot be contended that the circuit court, in exercising its jurisdiction in cases of divorce, has the power to enter such an order unless that power is expressly given by the statute. It is not expressly given. The mere fact that the legislature saw fit to enact this section as an amendment to the Divorce act instead of the Criminal Code or the Marriage act does not warrant the circuit court in making such an order. The court being without jurisdiction to enter the order, it was void and plaintiff in error was not in contempt in disobeying it.

The judgment of the circuit court is reversed.

*Judgment reversed.*