MINDA WEBSTER, Appellee, v. MODERN WOODMEN OF AMERICA, Appellee, et al., Interveners, Appellants.

**MARRIAGE:** What Law Governs—Foreign Divorce. A marriage contracted and consummated in this state between residents of this

state is valid notwithstanding the fact that it was performed within one year after one of the parties thereto had been divorced in a foreign state, the laws of which *invalidate* all remarriages of divorcees within the year following the date of the decree. So held in a contest over the proceeds of a policy of insurance.

*Appeal from Henry District Court.*—OSCAR HALE, Judge.

FEBRUARY 7, 1922.

ACTION at law, tried to the court, by agreement, without a jury, to recover upon a certificate issued by defendant on the life of Jed Webster, deceased, in which plaintiff was named as beneficiary. The defendant made no contest, but asked, and was permitted by the court, to pay the amount of the policy into court. This was done, and the defendant discharged from further liability. Interveners claim that the proceeds of the policy should go to them, and not to the plaintiff. Trial to the court upon an agreed statement of facts. The trial court found for plaintiff, and interveners appeal.—*Affirmed.*

*J. O. Priest,* for appellants.

*Galer & Galer,* for appellee.

PRESTON, J.—There is no conflict in the testimony as to the material facts. The question is whether plaintiff or interveners are entitled to the money. Interveners are the children and only heirs of deceased.

It appears that Jed Webster first became a member of defendant association in 1894, at Merritt, Illinois, and the $2,000 certificate was issued to him. At that time, he made his then wife, Emma Webster, the beneficiary in the certificate. She was the mother of appellants. She died in 1913. On September 12, 1919, plaintiff obtained a divorce from her then husband, Lewis, in the courts of Illinois. That decree provides in part:

"It is therefore ordered, adjudged, and decreed by the court that the said complainant be, and she is, divorced from said defendant, and the bonds of matrimony existing between complainant and defendant be and the same are hereby dis-

solved, and said parties and each thereof is freed from the obligations thereof, subject to the provisions of the statutes of the state of Illinois in regard to the remarriage of divorced persons.''

On September 15, 1919, plaintiff removed from Illinois to Mt. Pleasant, Iowa, and on September 20, 1919, deceased, Jed Webster, removed from Illinois to Mt. Pleasant. Both were employed in the state hospital there. They lived together as husband and wife, at Mt. Pleasant, Iowa, from the time of their marriage until his death, and were so living at the time of his death at Mt. Pleasant, Iowa. Plaintiff and her deceased husband were married at Mt. Pleasant, Iowa, May 25, 1920. This was a little more than eight months after plaintiff had divorced Lewis. On June 15, 1920, the original benefit certificate was surrendered by deceased, and a new one issued to him of that date, in which he named this plaintiff, wife, as the beneficiary. Deceased, Jed Webster, died August 31, 1920, in Iowa. It is admitted that at that time the beneficiary certificate was in full force. It was stipulated that plaintiff paid the funeral expenses of her deceased husband, amounting to $450. It was also stipulated that the statute of Illinois, in relation to divorces, is correctly set out in the petition of intervention. It was further stipulated that the last benefit certificate was delivered by defendant to said Jed Webster at Mt. Pleasant, Iowa, and was in his possession at the time of his death, and is now in the possession of plaintiff; that all premiums, assessments, and dues on the certificate sued on were paid by deceased, and that none of the same were paid by interveners; that plaintiff and her deceased husband were actual residents of Henry County, Iowa, from the date of their removal from Illinois, in September, 1919, to his death; and that plaintiff is still an actual resident of said county. Defendant is a fraternal beneficiary society, organized under the laws of Illinois, with the right to transact business in Iowa.

The petition of intervention admits that appellee pretended to marry Jed Webster, May 25, 1920, but they say that said marriage was not lawful and was void, because in conflict with the laws of Illinois and with the decree of divorce; that, because of this, plaintiff had no insurable interest in the life of de-

ceased at the time the certificate sued on was issued. Though
it is argued by appellants that a person must bear a certain rela-
tion to deceased, we do not find in the abstract that the Illinois
statute or the by-laws of defendant were proved or admitted,
or that they are set out in the abstract.

The statute of Illinois provides that, when a divorce is
granted, neither party shall marry again within one year from
the time the decree is granted; and that every person marrying
contrary to the provisions of this section shall be punished
by imprisonment in the penitentiary, and said marriage shall
be held absolutely void. The Iowa statute, Section 3181, Code
Supplement, 1913, provides that, in every case in which a di-
vorce is decreed, neither party shall marry again within a year
from the date of said decree, unless permission to do so is
granted by the court, and that any person marrying contrary
to the provisions of this act shall be deemed guilty of a misde-
meanor, and punished. This statute does not, as does the Illi-
nois statute, in express words declare that the marriage con-
trary thereto is void. On the contrary, it impliedly confers
power upon the court to grant permission to do so in the decree.
*Lee v. Lee,* 150 Iowa 611. Nor is there, in the section of the
statute just referred to, any necessary implication that such
a marriage is void. *Farrell v. Farrell,* 190 Iowa 919.

Code Section 3151 provides that:

"A marriage between persons prohibited by law, or be-
tween persons either of whom has a husband or wife living, is
void; but, if the parties live and cohabit together after the
death or divorce of the former husband or wife, such marriage
shall be valid."

Under this statute, it has been held that a bigamous mar-
riage is void. *Drummond v. Irish,* 52 Iowa 41.

We take it that the principal point in the case is whether
plaintiff shall be denied the proceeds of the benefit certificate
because of her marriage within a year after the divorce. Appel-
lants cite Illinois cases to sustain their contention, and the
courts of some other states follow the same rule. It is probable
that the Illinois court would sustain appellants' contention;
and yet the courts of Illinois have held, by inference at least,
that marriages made in other states, after a divorce in Illinois

and within the period of prohibition, are valid, except as to property and personal rights in Illinois; that the prohibition to remarry applies only to residents or parties within the state of Illinois,—thus by justifiable inference holding that the law would not apply to residents of other states, and that the marriage would be valid elsewhere. *Wilson v. Cook*, 256 Ill. 460 (100 N. E. 222); *People v. Prouty*, 262 Ill. 218 (104 N. E. 387). See, also, *Gardner v. Gardner*, 232 Mass. 253 (122 N. E. 308). In this last named case, there was the question as to whether the parties living in Massachusetts left there for the purpose of evading the Massachusetts law by going to New York to have the marriage solemnized there. There is no presumption in the instant case that plaintiff and deceased left Illinois and came to Iowa for the purpose of evading the Illinois law. *State v. Kimbrough*, 52 L. R. A. 668. There is nothing in the record indicating that such was the fact. On the contrary, the fact that they did not marry for eight months after coming to Iowa tends to negative such an intention. They never returned to Illinois, and there is nothing in the record tending to show that they ever intended to do so. If plaintiff had remarried in Illinois, where the divorce was granted, and this case was pending in Illinois, a different question would be presented. Our own decisions are contrary to appellants' contention. In *Dudley v. Dudley*, 151 Iowa 142, defendant was divorced in Iowa, while our statute, Section 3181, was in force. She immediately went to Nebraska and was married, and at once returned to Iowa. We held that the marriage was not in violation of our law, as it took place in Nebraska; that it was not in violation of the Nebraska law, for the reason that there was no decree entered in that state forbidding the remarriage. The marriage, being good in Nebraska, where consummated, was valid when the parties returned to Iowa. It was held, and is generally held, that a marriage valid where solemnized is valid everywhere. Numerous cases are cited in the *Dudley* case, 151 Iowa, at 145, including an Illinois case. See, also, *Farrell v. Farrell*, 190 Iowa 919; 26 Cyc. 829; 12 Corpus Juris 467; *State v. Shattuck*, 69 Vt. 403 (40 L. R. A. 428); *Succession of Hernandez*, 46 La. 962 (24 L. R. A. 831). The decree of the Illinois court had no extra-territorial effect. *Dudley v. Dudley*, and the

other cases cited supra, and *Lee v. Lee,* 150 Iowa 611, 615. The decree of divorce was not conditional. The provision in the decree as to remarriage was not a condition precedent. There was no attempt to make the decree take effect at some future time, or upon the happening of some event. It was a sort of prohibition which did not change in any way the absolute effect of the divorce granted. The parties were no longer husband and wife after the divorce. There was simply an impediment to their marriage again within the period of one year, within the state of Illinois. In some states, an attempt has been made to make divorces conditional, or to defer the taking effect of the divorce to some future time. *Durland v. Durland,* 67 Kan. 734 (63 L. R. A. 959). But such is not the Illinois statute. Our statute, Code Section 3139, provides that marriage is a civil contract. It is, too, a status—one of the domestic relations. *Barney v. Tourtellotte,* 138 Mass. 106, 108; *Hamilton v. McNeill,* 150 Iowa 470, 478; *In re Estate of Wittick,* 164 Iowa 485, 487; *Beach v. Beach,* 160 Iowa 346, 348. The plaintiff and her divorced husband, after the divorce, were divorced or· not divorced, married or unmarried. If they were divorced, then her marriage to Jed Webster, deceased, in· Iowa, was not void, even though, had it occurred in Illinois, she would have been subject to the penalties provided by the Illinois statutes. They were, however, married in Iowa, which was thereafter their domicile up to the time of the husband's death, and is still the domicile of plaintiff.

It is contended by appellee that, in issuing the certificate sued on, the defendant association accepted plaintiff as the wife and legal beneficiary of deceased, and the company accepted premiums paid by them to the date of his death; that thereby the company waived any right to declare any forfeiture of the policy; and that no third person is in position to question the validity of the contract of insurance, which includes the designation of the beneficiary; that there is no privity of contract between the association and interveners, hence they are estopped from setting up any question as to the validity of the policy, so far as the beneficiary is concerned; that they are occupying the inconsistent positions of declaring that the policy is still in force in all particulars except as to the beneficiary, and de-

claring it invalid as to the beneficiary; that appellants may not occupy such contradictory positions. There may be, and we are inclined to think there is, force in this contention; but the question is not as fully argued as some other questions relied upon for affirmance. Under such circumstances, we pass to other points of the case, without definitely deciding that one.

The policy or certificate sued on, was an Iowa contract, because the new application was in this state; the policy was delivered at Mt. Pleasant, in this state; the performance or payment must be made in this state; both the insured and the beneficiary were residents of this state; and deceased died here. These circumstances determine the locus of the contract. *Moran v. Moran,* 144 Iowa 451, 459. The status or condition of a person, the relation in which he stands to another person and by which he is qualified or made capable to take certain rights in that other's property, is fixed by the law of the domicile; and this status and capacity are to be recognized and upheld in every other state, so far as they are not inconsistent with its own laws and policy, subject to this limitation: that, upon the death of any man, the status of those who claim succession or inheritance in his estate is to be ascertained by the law under which that status was acquired. The personal property is to be distributed according to the law of his domicile at the time of his death, and his real estate descends according to the law of the place in which it is situated; but in either case it is according to those provisions of that law which regulate the succession or the inheritance of persons having such a status. *Shick v. Howe,* 137 Iowa 249, 250; *Ross v. Ross,* 129 Mass. 243, 248; 12 Corpus Juris 459. The money is here, within the jurisdiction of the Iowa courts. The remedy in this case must be administered by the Iowa courts; and hence the Iowa law will prevail. The court will not carry into effect any forfeiture or penalties prescribed by the laws of Illinois. The laws of Illinois cannot govern a status created under the law of another state, except in its own jurisdiction. The marriage ceremony was duly performed in Iowa, and thereafter plaintiff and her deceased husband lived together as husband and wife. The marriage relation existed between them.

Some other points are argued, but those noticed are, we

think, controlling. We reach the conclusion that the judgment of the trial court was right.

Another case between the same plaintiff and the same interveners, but involving the proceeds of a like certificate in the Royal Neighbors, was consolidated with this one, and tried under the same stipulations of fact, and submitted together in this court. The decision of the first mentioned case controls the last named case as well, and both are—*Affirmed.*

STEVENS, C. J., WEAVER and DE GRAFF, JJ., concur.