VALERIA PICKARD, appellee, v. WILLIAM A. PICKARD, appellant.

No. 47771.

(Reported in 45 N.W.2d 269)

Ralph H. Munro, of Fairfield, for appellant.

Richard C. Leggett, of Fairfield, for appellee.

OLIVER, J.— Plaintiff, Valeria Pickard, had been a resident of Kansas. Defendant, William A. Pickard, was a resident of Jefferson County, Iowa. They became acquainted through a matrimonial agency in November 1948. Plaintiff was fifty-six years old, defendant seventy-two. Defendant had been divorced in Iowa. Plaintiff was separated from her then husband, Whitlow, and later secured a divorce from him in Kansas, May 12, 1949. Defendant was advised of these circumstances and that plaintiff could not lawfully marry him in Kansas until six months after her divorce. As soon as he learned plaintiff had been granted a divorce defendant drove his automobile and trailer to Kansas for the purpose of transporting plaintiff and her household goods to Jefferson County, Iowa, where the parties planned to be married and reside. When plaintiff left Kansas and came to Iowa with that intention she abandoned her residence in Kansas and became domiciled in Iowa.

A ceremonial marriage of the parties took place in Fairfield, Iowa, May 21, 1949, and they lived together there as husband and wife until February 14, 1950. Plaintiff then instituted suit for divorce from defendant on the ground of inhuman treatment and defendant brought this cross-action for annulment of the marriage. The trial court denied plaintiff a divorce and also denied the annulment of the marriage sought by defendant. Defendant alone has appealed.

I. Defendant contends the Kansas decree of divorce had not become effective at the time of the ceremonial marriage

and hence plaintiff then had a husband living from whom she had not been divorced. In support of this contention certain statutes of Kansas are cited.

Section 60-1512 of the General Statutes of Kansas provides, in part:

"A divorce granted at the instance of one party shall operate as a dissolution of the marriage contract as to both * * *. Every judgment of divorcement granted by a district court shall be final and conclusive, unless appealed from * * * within ten days * * * but whether a notice [of appeal] be filed * * * or not * * * it shall be unlawful for either party to such divorce. suit to marry any other person within six months from the date of the decree of divorcement * * * and every person marrying contrary to the provisions of this section shall be deemed guilty of bigamy, and such marriage be absolutely void."

Section 60-1513 provides every person convicted of bigamy as defined in the foregoing section shall be punished by imprisonment in the penitentiary for from one to three years.

Section 60-1514 provides:

"Every decree of divorce shall recite the day and date when the judgment was rendered in the cause, and that the decree does not become absolute and take effect until the expiration of six months from said time."

Defendant contends these statutes provide a Kansas decree of divorce is not effective until six months after its rendition. That is not the interpretation placed upon them by the Supreme Court of Kansas. The leading case of Durland v. Durland, 67 Kan. 734, 740, 741, 74 P. 274, 276, 63 L. R. A. 959, states:

"The prohibition upon marriage within six months, however, was the only limitation upon the judgment as an utter annihilation of the former marital status. If no appeal was taken the ties which had bound the individuals together were absolutely and unqualifiedly broken asunder. The parties were each as fully absolved from every marital right and duty and consequence as they were before marriage, and were fully restored to the freedom they enjoyed before marriage in every

respect, except they could not marry for six months. Indeed, had the legislature withheld that privilege forever, still no element of the relation of husband and wife would have continued to exist. * * * 'The decree of divorce in this state is only incumbered with the statutory restriction, that during the six months after the rendition of the decree, and the pendency of the proceedings to reverse the same, it is unlawful for either of the parties to marry.' "

To the same effect are Phillips v. Phillips, 69 Kan. 324, 76 P. 842; Cooper v. Bower, 78 Kan. 156, 163, 96 P. 59. In Knollenberg v. Meyer, 151 Kan. 768, 775, 100 P.2d 746, 750, the court said: " 'Upon the rendition of a decree of divorce the parties cease to be husband and wife.' " Conway v. Conway, 130 Kan. 848, 850, 288 P. 566, 567, states: "When a divorce is granted, the marital status is dissolved. We have no such thing as divorce a mensa et thoro, conditional divorce, suspension of marital relation, and the like."

In the case of In re Estate of Troemper, 160 Kan. 464, 468, 163 P.2d 379, 382, the court said:

"We have held that under our statute the marital status is dissolved as of the date of the decree. [Citing decisions.] The six months' period provided for in our law has been construed as merely a prohibition against remarriage of either party during that period."

In Wheelock v. Freiwald, 8 Cir., Mo., 66 F.2d 694, the court followed the Durland case, pointing out the matter was peculiarly one of statutory regulation and it was bound by the construction placed upon the statute by the Supreme Court of Kansas, and stating, at page 700:

"The weight of authority is to the effect that, where a statute or decree of divorce prohibits remarriage within a prescribed time, and, within that period, the parties remarry in another state, if that marriage is not prohibited within the state where the marriage is performed, it will be upheld as a legal marriage in that state at least."

In King v. Klemp, 26 N. J. Misc. 140, 57 A.2d 530, the court dismissed a petition for annulment based upon practically

the same factual situation as in the case at bar, citing and quoting from the Kansas decisions at length and from other authorities.

Loughran v. Loughran, 292 U. S. 216, 223, 54 S. Ct. 684, 687, 78 L. Ed. 1219, 1223, states:

"The mere statutory prohibition by the State of the domicile either generally of the remarriage of a divorced person, or of remarriage within a prescribed period after the entry of the decree, is given only territorial effect. Such a statute does not invalidate a marriage solemnized in another State in conformity with the laws thereof."

Section 598.17, Code of Iowa, 1950, provides neither party to a divorce shall remarry within one year unless permission is granted in the decree.

In Dudley v. Dudley, 151 Iowa 142, 130 N.W. 785, 32 L. R. A., N. S., 1170, we held the statute did not invalidate a marriage in Nebraska immediately following an Iowa divorce of one of the parties. Farrell v. Farrell, 190 Iowa 919, 181 N.W. 12, held valid a Missouri marriage under like circumstances. In Webster v. Modern Woodmen of America, 192 Iowa 1376, 186 N.W. 659, an Iowa marriage following a divorce of one of the parties in Illinois during the period prohibited by the Illinois statutes was held valid.

That the cited decisions accord with the weight of authority, see annotations in 32 A. L. R. 1116 and in 51 A. L. R. 325; 35 Am. Jur., Marriage, section 184; 27 C. J. S., Divorce, section 182b, pages 842, 843; Restatement of the Law, Conflict of Laws, section 131.

We hold the former marriage of plaintiff was dissolved as of the date of the Kansas divorce decree and that the ceremonial marriage in Iowa was valid.

II. Moreover, defendant with full knowledge of the facts lived and cohabited with plaintiff as her husband after six months from the date the divorce judgment was rendered. Section 595.19, Code of Iowa, 1950, provides marriages shall be void:

"* * *

"4. Between persons either of whom has a husband or wife living, but, if the parties live and cohabit together after the

death or divorce of the former husband or wife, such marriage shall be valid."

Hence, had the marriage been invalid, as contended by defendant, at the time the ceremony was performed, it would have been validated by the subsequent cohabitation of the parties six months after the divorce. Lee v. Lee, 150 Iowa 611, 130 N.W. 128; Webster v. Modern Woodmen of America, 192 Iowa 1376, 186 N.W. 659; annotation in 95 A. L. R. 1292 et seq.

III. Defendant contends the court erred in granting plaintiff's application for an award of attorney's fees for the service of her attorney in conducting her defense to defendant's cross-petition. Defendant's argument upon this proposition appears to be based in part upon the theory the marriage was invalid. Our conclusion the marriage was valid disposes of this contention.

Section 598.19, Code of 1946, among other things, refers to the annulment of marriage where either party had a husband or wife living at the time of the marriage. Section 598.20 provides: "* * * all the provisions of this [divorce] chapter in relation thereto shall apply to such cases, except as otherwise provided."

This statute was considered in Ricard v. Ricard, 143 Iowa 182, 184, 121 N.W. 525, 26 L. R. A., N. S., 500, 136 Am. St. Rep. 762, 20 Ann. Cas. 1346, an action by a husband against his wife to annul a marriage on the ground she had another living husband. The court approved an award of temporary alimony, stating: "* * * we know of no sound reason in law or in morals why a wife who has had so serious a charge made against her should not have the same right of assistance from her husband in defending against his charge that she would have were he asking a divorce."

In Hanford v. Hanford, 214 Iowa 839, 842, 240 N.W. 732, 734, defendant contended the marriage was void because plaintiff was not divorced from her former husband at the time thereof. The court stated: "It will be remembered that the defendant in his cross-petition asks for an annulment of the marriage. This alone is sufficient to authorize the court in granting an order for temporary alimony."

See also annotations in 4 A. L. R. 926 and 110 A. L. R. 1283.

So in the case at bar the court had authority to make the questioned award.

The judgment is affirmed.—Affirmed.

All JUSTICES concur.