[Civ. No. 21703.   First Dist., Div. Three.   Jan. 26, 1965.]

RUTH SELLERS, Plaintiff, Cross-defendant and Respondent, v. NIEL SELLERS, Defendant, Cross-complainant and Appellant.

Nino & Filice and William G. Filice for Defendant, Cross-complainant and Appellant.

John W. Montgomery for Plaintiff, Cross-defendant and Respondent.

DRAPER, P. J.—Plaintiff wife was granted interlocutory decree of divorce, and defendant was denied relief on his cross-complaint for annulment. He appeals.

By Nebraska decree entered June 6, 1933, Paul Christopher was granted a divorce from his wife, plaintiff herein. On November 16, 1933, plaintiff and defendant, both of whom were residents of Nebraska, were married in Iowa. They returned to Nebraska a week later, and continued as residents of Nebraska until the following May, when they moved to California. They have resided here as husband and wife ever since.

The parties concede that Nebraska law proscribed remarriage until expiration of six months after a Nebraska divorce decree, and that the marriage ceremony of the parties to this action occurred less than six months after plaintiff's divorce. They differ as to what Nebraska statute was in effect in 1933. Plaintiff points to an act which made it "unlawful" for a party to a divorce proceeding to marry another within a specified period. Concededly such a statute is penal only, and would

not invalidate the Iowa marriage. Defendant relies on a Nebraska statute which provides that a divorce decree "shall not become final or operative" for six months. Neither has traced the legislative history of the provisions.

Our research shows that the statute relied upon by plaintiff appears in a 1907 compilation (Nebraska Comp. Stats., 1907, ch. 25, § 45). It was repealed in 1909, and the statute relied upon by defendant was substituted (Nebraska Session Laws, 1909, ch. 45, p. 234). This remained the law in 1933 (Nebraska Comp. Stats., 1929, § 42-340). We have informed counsel of this research and they do not question it.

The Nebraska decisions hold that a divorce decree, under this statute, does not dissolve the marriage until six months have elapsed, and that remarriage of one of the parties within that period is invalid (*Copple* v. *Bowlin,* 172 Neb. 467 [110 N.W.2d 117]; *Scott* v. *Scott,* 153 Neb. 906 [46 N.W.2d 627, 23 A.L.R.2d 1431]; *Sovereign Camp, W.O.W.* v. *Billings,* 107 Neb. 218 [185 N.W. 426]). These cases also establish that Nebraska does not recognize a common law marriage. Iowa looks to the law of the state of divorce to determine validity of a remarriage of one of the parties (*Pickard* v. *Pickard,* 241 Iowa 1307 [45 N.W.2d 269]). The California rule is the same (*Jones* v. *Jones,* 182 Cal.App.2d 80 [5 Cal.Rptr. 803]).

Thus the marriage of the parties would have been invalid if performed in Nebraska, the state of plaintiff's divorce; would not be recognized in Iowa, the state in which it was performed; and will be similarly viewed in California (*Means* v. *Means,* 40 Cal.App.2d 469 [104 P.2d 1066]). Had the parties cohabited in Iowa after the expiration of six months following the Nebraska divorce, the marriage might have been validated by Iowa law (*Pickard* v. *Pickard, supra,* and statute there cited). But no such facts are shown here.

Plaintiff suggests that the judgment is proper because defendant was estopped to deny the validity of her Nebraska divorce (see *Dietrich* v. *Dietrich,* 41 Cal.2d 497, 505 [261 P.2d 269]). Plaintiff did testify that the parties went to Iowa for their marriage in order to escape the Nebraska law. But defendant's testimony contradicted this, and there is no finding on the issue. We cannot resolve the conflict here. That issue may be determined on retrial.

Judgment reversed.

Devine, J., and Taylor, J.,* concurred.

*Assigned by Chairman of Judicial Council.