SHIRLEY W. LYON, Plaintiff-Appellee, *v.* MARLENE IZEN, Defendant-Appellant.

(No. 55120;

First District—February 26, 1971.

George J. Guest and William Sulkin, both of Chicago, (Harold W. Gautier, Jr., of counsel,) for appellant.

Gerald M. Chapman, of Chicago, for appellee.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Defendant appeals from the issuance of a temporary injunction restraining and enjoining her from telephoning plaintiff, or the husband of the plaintiff, and from seeing, visiting, writing or talking to the plaintiff or the plaintiff's husband until the further order of the court. On appeal defendant contends that the court erred in entering the temporary injunction.

■■ Plaintiff has filed an appearance in this cause, but no brief was filed by her counsel in this court in response to defendant's appeal and brief nor did plaintiff's counsel appear for oral argument. However, we shall

still review the merits of this appeal rather than enter summary reversal. *Daley v. Jack's Tivoli Liquor Lounge, Inc.*, 118 Ill.App.2d 264.

In her complaint filed in April 1970 plaintiff alleged that she has been married to Samuel S. Lyon and that they have been successful partners in the practice of medicine; that some time prior to September 1964 the plaintiff and her husband hired defendant as a laboratory technician, and defendant "thereafter began a steady course of conduct toward plaintiff's husband with the deliberate intent of alienating the affection of plaintiff's husband"; that in connection with their medical practice the plaintiff and her husband maintained a complete telephone service; that in February 1969 after repeated calls from defendant at short intervals and unusual hours, plaintiff was obliged to discontinue her telephone service; and that in December 1969 and March 1970 defendant continued making such telephone calls. The complaint also alleges that as a result of defendant's conduct plaintiff and her husband have lived separate and apart since May 1968; that plaintiff and her husband intend to resume living together but that defendant's actions are designed to prevent such a reconciliation. Finally, plaintiff alleges that because of the defendant's behavior, her business is interfered with in that she is unable to maintain adequate phone service, she is irritable and nervous and has lost the consortium, affection, society and services of her husband.

Plaintiff's husband did not join in this complaint nor is he named a defendant.

Based on plaintiff's verified complaint and defendant's motion to dismiss, the trial court, without hearing testimony, denied defendant's motion and ordered the issuance of the temporary injunction.

■■ Defendant contends that the trial court erred in entering the temporary injunction. The courts of our state have long recognized a distinction between property or pecuniary rights and personal rights in applying equity jurisdiction. Injury to property, whether actual or prospective, is the foundation upon which the jurisdiction of a court of equity rests. *Sheridan v. Colvin*, 78 Ill. 237; *People v. McWeeney*, 259 Ill. 161; *People v. Prouty*, 262 Ill. 218; and *O'Brien v. Matual*, 14 Ill.App.2d 173. Plaintiff's complaint does not allege any pecuniary loss but claims that the defendant, by her behavior, has alienated the affection of plaintiff's husband and has thereby deprived plaintiff of his consortium, society and marital services. In *Siegall v. Solomon*, 19 Ill.2d 145, 149, the court stated: "It is, however, the modern view that rights of a husband in his wife's affections and society are not property within the due process clause. * * *" Therefore, the rights of the plaintiff to her husband's affection and society, which are alleged to have been violated

by the defendant in the instant case, are not property rights which can be governed by injunction, and the injunction must therefore be reversed.

Defendant also argues that the temporary injunction is too broad in scope and that the injunctive relief cannot be applied with any practical success by the trial court. In *Hoffman v. Hoffman*, 59 Ill.App2d 459, the trial court issued an injunction enjoining the defendant from "doing or threatening to do any act calculated to prevent or interfere with a reconciliation of Eugene V. Hoffman and Elizabeth Hoffman or other amicable adjustment of this suit." On appeal the trial court's order was reversed and the cause was remanded with directions to vacate the order. As the court stated at page 462:

> The injunction is couched in broad general language, in violation of the requirement that an injunction order should set forth the acts enjoined with such particularity that the party enjoined can understand precisely what is forbidden. *City of Kankakee v. New York Cent. R. Co.*, 387 Ill. 109, 55 N.E.2d 87; *Evans v. Johnston* (1959), 300 Ill.App. 78, 20 N.E.2d 841; 28 Am. Jur., Injunctions, § 298.

In *Snedaker v. King*, 111 Ohio State 225, the plaintiff-wife also sought an injunction to restrain defendant from seeing, speaking, communicating or associating with plaintiff's husband at plaintiff's home or elsewhere, so as to prevent plaintiff's husband from giving to plaintiff his love, affection, companionship, conjugal relation or support. The trial court ordered that an injunction issue against the defendant. However, on appeal the court held that the injunction decree should have been denied. As the court stated at page 228:

> The decree in this case is an extreme instance of government by injunction. It attempts to govern, control, and direct personal relations and domestic affairs. Among other restrictions placed upon the defendant by this decree is that of remaining away from any place where plaintiff's husband may be, and from interfering with plaintiff's efforts to communicate with her husband, and with her efforts to regain his love, esteem, support, and conjugal relation.
>
>       *     *     *
>
> Such extension of the jurisdiction of equity to regulate and control domestic relations, in addition to the legal and statutory remedies already provided, in our opinion is not supported by authority, warranted by sound reason, or in the interest of good morals or public policy. The opening of such a wide field for injunctive process, enforceable only by contempt proceedings, the difficulty if not impossibility of such enforcement, and the very doubtful beneficial results to be obtained thereby, warrant the denial of such a decree in this case, and require a modification of the judgment in that respect.

In a separate concurring opinion in *Snedaker, supra,* Justice Allen stated at page 230:

First. While it is true that any injunction is enforceable only through contempt proceedings, it is also true that this particular order is unusually difficult of enforcement. * * * Proof of the violation of this particular order will depend, at least largely, upon the testimony, not of indifferent third parties but of these particular two people. Under these circumstances it is difficult to see how the court can enforce the injunction granted herein without attaching a probation officer permanently to both Miss Snedaker and King.

Second. The order passes all bounds in its lack of limitation. Under this order, what is Miss Snedaker to do if she passes King upon the street? Must she cross the street in order not to go "near him * * * at * * * any * * * place where said Homer King may be," or may she stay upon the same side of the street and pass him? Under such circumstances may she say "good morning" to him, or in so doing will she be violating the order that she is not to communicate with King "by word"?

■■ In the instant case we believe that the temporary injunction order is too broad in scope and that enforcement of this injunction by the court would be extremely difficult and impractical.

Defendant also contends (1) that a court of equity will not grant injunctive relief where the plaintiff has an adequate remedy at law and (2) that palintiff has pleaded conclusions and not facts in her complaint. However, it is unnecessary to discuss these contentions based on our prior findings.

The order of the trial court granting the issuance of the temporary injunction is reversed; the order denying defendant's motion to dismiss the complaint is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded with directions.

ENGLISH, P. J., and LORENZ, J., concur.