CARPENTER *et al.* v. SMITH.

1. **Husband and wife:** VOID MARRIAGE. A marriage void *ab initio* for the reason that one of the parties was already lawfully married, confers no right upon either in the property of the other.

2. —— RULE APPLIED: ESTOPPEL. A married woman, having been assaulted by a third party, brought suit and recovered judgment against him therefor, her husband being joined with her as a party plaintiff. She afterward procured a divorce from her husband on the ground that he had a lawful wife living at the time of the marriage. *Held,*

    1. That the marriage, being void *ab initio*, gave the pretended husband no interest in the judgment obtained for the assault against her, and that the proceeds thereof could not be subjected to the payment of a judgment held by a creditor against him.

    2. That she was not estopped, by the fact that he was her co-plaintiff, from denying his rights as husband, and that the proceedings did not raise a conclusive presumption of a lawful marriage.

Carpenter v. Smith.

*Appeal from Poweshiek District Court.*

THURSDAY, APRIL 9.

PLAINTIFFS, Susan A. and S. R. Carpenter, were married, December, 1865, and lived together until January 6, 1866, when said S. R. Carpenter borrowed a team of J. M. Bryan and ran away with it, feloniously appropriating it to his own use, and intending to abandon his said wife and escape from the county. February 6, 1866, having been arrested, he was lodged in the jail of Mahaska county, and, at the April Term of the court following, he was brought to Montezuma for trial, but, escaping from his guard, has not since been heard of. On the 17th of February, 1866, an assault was committed on plaintiff, Susan A., by defendant, and suit was brought against him therefor. On the 11th day of April following, Susan A. and S. R. Carpenter joining as plaintiffs therein. The husband consented to and advised the bringing of the suit, but a few days after, he escaped as aforesaid, and since that time has had nothing to do with the prosecution thereof, which has been wholly conducted and controlled by, and for the benefit of, the wife, and a judgment was obtained therein against defendant, December 12, 1866, for $400 damages.

February 20, 1867, Susan A. obtained a divorce from said S. R. Carpenter, on the ground that he had a lawful wife living at the time of her marriage with him. April 14, 1866, J. M. Bryan obtained judgment against said S. R. Carpenter for $360. These judgments were rendered in the District Court of Poweshiek county. On the 11th of February, 1867, an execution was issued on the judgment, in favor of Susan A. and S. R. Carpenter against Smith, which was collected by the sheriff, N. Carr, on the 23d of February following; and on that day an execu-

VOL. XXIV.—26

cution was issued on the judgment in favor of Bryan, and against Carpenter, and delivered to the sheriff, who immediately applied a sufficient amount of the money, collected on the execution against Smith, upon the execution against Carpenter, to satisfy the same. At the time, the sheriff knew all of the above facts, and held an indemnifying bond from Bryan, to protect him in his acts in the premises. W. S. Kenworthy and Z. T. Fisher, as attorneys for plaintiffs in said suit of Susan A. and S. R. Carpenter, upon rendition of judgment therein, filed their attorney's liens thereon, each claiming $100 as his attorney's fees in the case.

At the April Term, 1867, Susan A. filed a motion in her said cause, asking an order directing the sheriff to pay to her the money collected on her said judgment, setting out substantially the above facts, and showing further, that the fees of her said attorneys had been paid.

The sheriff appeared to the motion; the attorneys made no appearance thereto. The court found the facts as above set out, and ordered the sheriff to pay $200 of the money collected to the plaintiff, Susan A., and the balance to the clerk of the court, subject to her order upon giving security, to be approved by the clerk, for the payment of the fees of said attorneys, whenever the amount thereof may be legally determined. From this order the sheriff appeals.

*M. E. Cutts* for the appellant.

*J. A. L. Crookham* for the appellee.

BECK, J.—The fact that S. R. Carpenter had a lawful wife living rendered the marriage with Susan A.

1. HUSBAND AND WIFE: void marriage. Carpenter void *ab initio.* He acquired no rights thereby; she lost none. The marriage

Carpenter v. Smith.

in no way affected her positive or relative rights, for, in truth, it was, in law, no marriage, the man and woman being incapable of entering into the marriage relation with each other. He acquired no right to her property, and she none to his, by virtue of the marriage, and they stood in the same relation to each other as though it had never taken place. It is void *ab initio* as to her, because she was induced to consent thereto by a wicked fraud, which, on his part, was a felony. Judge REEVE most forcibly expresses the doctrine in the following words:

"A man by the foulest fraud gets into the possession of the property of his neighbor. By a contract, thus basely obtained, it not only renders the contract void, but, in many instances, is a felony. The common sense of mankind must revolt at the idea, that, when a man, by the same abominable fraud, obtains the person of an amiable woman and her property, the law should protect such a contract, and give it the same efficacy as if fairly obtained. The truth is, that a contract which is obtained by fraud is, in point of law, no contract. The fraud blots out of existence whatever semblance of a contract there might have been. There is no more reason for sanctioning a marriage procured by fraud, than one procured by force and violence. The consent is as totally wanting, in view of the law, in the former as in the latter case." Reeve's Domestic Relations, 206; see 2 Kent's Com. 76.

The woman is not estopped in this case, by the fact that the man was her co-plaintiff, from denying his rights as husband; neither do the proceedings raise a conclusive presumption of a valid marriage; if that were so, it would be giving validity to that which is utterly void, and judicial sanction and recognition to the grossest fraud and a most revolting crime. If the man acquired no rights by virtue of this marriage, his

2. —— rule applied: estoppel.

creditors, through him, could acquire none, and the property of the woman cannot be taken in payment of his debts.

It has been held in England, that, in case of a divorce *a vinculo matrimonii*, which is allowed on the ground that there never had been a lawful marriage, all the property which the husband received with the wife, and that has not been conveyed *bona fide* to others, belongs to the wife after divorce. Reeve's Dom. Rel. 209.

It is unnecessary to multiply authorities in support of the foregoing doctrines; they commend themselves to the natural sense of justice of all men.

In this case, the sheriff, it seems, well knew all the facts, and paid the money after the divorce was procured by the woman; neither he nor the party to whom he paid it can be considered as acting innocently, and, therefore, entitled to protection.

We are united in the opinion that the judgment of the District Court was correct.

Affirmed.