DRUMMOND v. IRISH.

|52|41|
|138|752|

1. **Marriage**: WHEN VOID: ANNULMENT. A marriage between parties one of whom has a husband or wife living is absolutely void, and no rights of the other party are affected thereby. This is not altered by the fact that the statute provides for actions to annul such marriages.

2. **Costs**: IN ACTION AGAINST ESTATE: WHEN ADMINISTRATOR REFUSES TO DEFEND. Where judgment is recovered by the plaintiff in an action against an administrator who refuses to defend, but defense is made by the heirs of his intestate, the costs should be taxed against such heirs.

*Appeal from Van Buren Circuit Court.*

THURSDAY, OCTOBER 9.

THE plaintiff and defendant are the administrators of the estate of John Drummond, deceased. This action was commenced by the plaintiff to recover certain personal property of the estate which had been set off to her as the widow of said Drummond, by the appraisers appointed by the court to appraise the property of said estate. She averred that the defendant wrongfully retained possession of said property so set off to her, because the heirs of said estate had served a notice upon defendant to the effect that plaintiff was not the lawful widow of said John Drummond.

An answer was filed in the name of the defendant, in which it was alleged that plaintiff was not the lawful wife of said Drummond, and that at the time of her pretended marriage with him she had a husband living from whom she had not been divorced. It was further averred that at the time of the pretended marriage with Drummond he was of unsound mind and incapable of contracting marriage.

After the answer was filed, the plaintiff filed the affidavit of James D. Irish, the defendant, stating that he had not employed nor authorized any counsel to appear for him in said cause. The attorneys, whose names were signed to the answer, thereupon filed a statement in writing, that they did not represent the defendant, James D. Irish; that he held the property

as the administrator of the estate of John Drummond, deceased, and that they represented the heirs of said decedent's estate, to-wit.: M. V. Drummond, Jane McGaffey, Almira Hecker, William Drummond and Marietta Bickford. The court, against the objection of the plaintiff, permitted the said answer to stand as the answer of said heirs.

Upon this record the cause was tried by the court. It was found that the marriage of plaintiff and deceased was a valid marriage, and the property in question was awarded to the plaintiff as the widow of the deceased. The costs of the case were taxed to the estate.

The defendant appealed from the judgment awarding the property to the plaintiff, and the plaintiff appeals from the judgment taxing the costs of the case against the estate.

*Work & Brown,* for the plaintiff.

*Trimble & Baldwin* and *Lea & Beaman,* for defendant.

ROTHROCK, J.—I. It appears from the evidence, and an agreement made by the parties, that plaintiff was married in
1. MARRIAGE: due form to one W. P. Eaton, prior to her mar-
when void: riage with John Drummond, and that at the time
annulment. of her marriage with Drummond, Eaton was still living, and that he and the plaintiff had not been divorced, nor the bonds of matrimony existing between them severed by any judicial or other legal proceeding, and said Eaton is still living, and still undivorced from plaintiff. It further appears that at the time of the marriage of plaintiff with said Eaton, he had a wife living from whom he had not been divorced, and that said wife is still living and not divorced from him, and that plaintiff never lived with said Eaton after she was married to him.

Section 2201 of the Code provides that " marriages between persons whose marriage is prohibited by law, or who have a husband or wife living are void. *    *  * ." The marriage of the plaintiff with Eaton was, therefore, void, and neither of them acquired any rights thereby and the plaintiff lost no right. Being void it was the same as though no marriage had

ever taken place. The marriage with Drummond was valid, and the court properly held that plaintiff was entitled to the property as widow. See *Carpenter v. Smith*, 24 Iowa, 200; Bouvier's Law Dictionary, vol. 2, 246.

It is contended by counsel for defendant " that the first and illegal marriage must be judicially annulled before civil rights can be acquired, or civil remedies demanded by reason of a subsequent legal marriage." This position would doubtless be correct if the marriage were merely voidable, but it can have no application to that which the law declares to be a void marriage. The fact that the Code contains provisions for annulling marriages of this character and judicially determining the status of the parties, cannot be regarded as changing the rule which has always obtained that a void marriage is no marriage.

II. The principal items of cost were made upon the issue as to the insanity of Drummond at the time of the marriage with the plaintiff. The court taxed the costs to the estate. From this order plaintiff appeals. The defendant, Irish, in addition to his refusal to defend against the claim of the plaintiff, as shown in the foregoing statement of facts, filed his affidavit, stating that he did not appeal from the judgment entered in the Circuit Court, and that he did not authorize any one to use his name for that purpose. We think all the costs that accrued after the defendant, Irish, refused to defend the action, and the statement in writing was filed that the heirs only were represented by counsel, should have been taxed to the heirs named in the record, and that the costs in this court should be taxed to them. It is true they were made parties in an informal way, but their names appear of record as defending the claim, and but for the defense made by them the costs would not have been made. The Code, section 2933, provides "that costs shall be recovered by the successful against the losing party." There is the exception that the court may make an equitable apportionment of costs when a party is successful as to part of his demand and fails as to part. But this case is not within the exception. The plaintiff recovered the whole of her demand. The case

*2. costs: estate; administrator.*

presents no equitable grounds upon which the costs can be taxed to the estate. Its representative refused in the court below to defend, and he refuses to prosecute this appeal.

The cause is affirmed upon defendant's appeal, and upon plaintiff's appeal

REVERSED.