ANDREA ALESIO, APPELLEE, V. ANTHONY LOCOCO, JR., APPELLANT.

279 N. W. 154

FILED APRIL 8, 1938. No. 30242.

L. R. Doyle, for appellant.

Jack W. Cohen and R. M. Anderson, contra.

Heard before GOSS, C. J., ROSE, DAY, PAINE and MESSMORE, JJ.

PAINE, J.

This is a suit by a guest for personal injuries sustained in a head-on collision with another automobile. The jury returned a verdict for $1,500, for which judgment was entered, and defendant appeals.

The defendant admits that the collision occurred, but denies he was guilty of gross negligence, and charges plaintiff with contributory negligence; alleges that plain-

tiff was acquainted with ability of defendant as a driver, and assumed the risk of travel in defendant's automobile.

The evidence discloses that the defendant was a football fan, who had driven to the Rose Bowl game in 1934, and planned to make the trip again in December, 1935. The plaintiff asked to be taken along, as he had two daughters living in California. Defendant said the car was full, but if anybody dropped out the plaintiff could ride with them, and just before starting one person decided not to go, and the plaintiff made the trip as a gratuitous guest, riding at all times in the back seat with the father of the defendant. Leaving Lincoln December 26, 1935, they made Dallas the first day, El Paso the second, Yuma, Arizona, the third, and Los Angeles the fourth day. On the return trip they left Los Angeles Thursday morning, January 9, 1936, and made Phoenix, Arizona, the first night. Leaving Phoenix the next morning on U. S. Highway No. 80, they reached a point between 15 and 17 miles west of Pecos, Texas, by about 8:00 p. m. that night. It was after dark, and all cars were using their headlights, when a head-on collision occurred.

Plaintiff claims this collision occurred as follows: One Carl Proctor was driving a Buick slowly westward, with proper care and caution, on the north and right-hand side of U. S. Highway No. 80, having just come out of a filling station located on the north side of the road. The defendant was coming around a curve, driving eastward at a high rate of speed in excess of 65 miles an hour, and in gross negligence, with a wanton and reckless disregard of human life and a conscious indifference to the consequences to others, ran his car on the wrong side of the highway, and, failing to see the said Buick, drove his automobile directly into it with great force and violence, so that the plaintiff suffered serious, painful, and permanent injuries, which first confined him to the Camp & Camp Hospital in Pecos, Texas, and thereafter in his home in Lincoln, Nebraska. The plaintiff testified that a short time before the crash he objected to the father of the de-

fendant, who was sitting in the rear seat with him, and said the son was driving too fast; that the father spoke to the son, who answered, "What is the matter, you scared?"

The defendant testified that he was 32 years of age, lived in Lincoln all his life, and assisted his father in the grocery business; that he had known the plaintiff for 15 years, and that they reside in the same block, almost across the alley from each other, and that the plaintiff is in the fruit business in Lincoln. The defendant drove the car on the entire trip, and testified that at the point of collision there was a curve or bend where the accident occurred; that he did not see the Buick car until he was within 75 yards; that he thought the Buick was coming clear over on the wrong side of the road, and therefore, in order to avoid a collision, he turned to the left-hand side in order to go around it on the north side, and instead he hit it head-on. The defendant testified that the accident happened very fast, but he had applied his brakes and decreased the speed, and that before the accident he had been running less than 45 miles an hour.

The defendant sets out many errors relied upon for reversal. They include the failure of the court to direct a verdict for defendant or to dismiss the suit, and a failure to enter judgment for the defendant.

The plaintiff introduced in evidence several sections of Texas law covering the laws of the road, and also the Texas guest law, being section 1, ch. 225, Laws of Texas 1931, which provides as follows: "No person transported over the public highways of this state by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness *or* his reckless disregard of the rights of others."

The defendant insists that the court erred in not in-

structing the jury that, in the statute just quoted, the word "or" means "and," and that the court should have instructed the jury that this law meant "caused by his heedlessness *and* his reckless disregard of the rights of others." The trial judge covered this question in his seventh and eighth instructions to the jury, the latter reading as follows:

"You are instructed that under the Texas law involved in this case gross negligence is such negligence for which defendant may be liable in damages if you find from the evidence he was guilty of gross negligence in the operation of the said Lococo automobile, is such negligence as evidences reckless disregard of human life or bodily injuries, or such conscious indifference to rights of others as amounts to an intentional violation of them; is such that is evidenced by acts indicating a wanton and reckless disregard for the life or safety of the plaintiff or others in the said automobile; and is that entire want of care which would raise a presumption of conscious indifference to consequences."

In the late case of *Scott v. Gardner,* 106 S. W. (2d) (Tex. Civ. App.) 1109, the Texas court suggests that a sufficient definition of heedless and reckless is the following: "Such an entire want of care (not including, but excluding, ordinary care) sufficient to raise the belief or presumption that the act or omission complained of was the result of conscious indifference to the rights, welfare, or safety of the person or persons to be affected by it;" and this definition suggested by the Texas court was substantially followed by Judge Broady. See, also, *Hamilton v. Perry,* 85 S. W. (2d) (Tex. Civ. App.) 846; *Meyer v. Hart,* 110 Conn. 244, 147 Atl. 678.

The law of Texas required plaintiff to drive at not to exceed 45 miles an hour, and required him to keep on the right-hand side of the highway, and not to pass another automobile at such a speed as to endanger the life or limb of any person.

The testimony of Sam Oakley was that defendant's car

was going 60 miles an hour at the time of the collision, while the Buick was not exceeding 12 miles an hour at that time. Mrs. Carl Proctor, also in the Buick, testified the defendant was running 65 to 70 miles an hour at the time of the collision. Mrs. Proctor gave this answer: "Well, I just walked up there and I said, 'Man, what in the world is the matter with you? Are you drunk, crazy, or what?' He said, 'Lady, I can't tell you whether I went to sleep or whether I'm "loco." ' That's what he said. 'I don't know what happened.' "

The jury heard all of the evidence and found against the defendant on the questions of fact; the rulings and instructions of the trial court do not disclose any prejudicial error, and while we have examined all of the errors set out, we will not discuss them all in this opinion, but hereby affirm the judgment of the lower court.

AFFIRMED.