JOSEPH ROSE ALVERNES v. ANN ALVERNES.

MAY 20, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is a petition for a writ of certiorari to review and quash an order, entered by the superior court in a proceeding for a divorce from bed, board and future cohabitation, requiring the petitioner, who is the respondent in such divorce action, to pay a stated amount of money each week as allowance for the support of Ann Alvernes, who brought such proceeding, and also a certain sum for her counsel and witness fees. The writ prayed for was issued and the record of the superior court has been duly certified to this court for our examination.

On behalf of the petitioner, it is argued generally that in entering the aforesaid order the superior court in the circumstances acted arbitrarily, in abuse of its discretion, and in excess of its jurisdiction. The record shows that the petition in the divorce proceeding contains, among others, the following pertinent allegation: "that she [Ann Alver-.nes] was married to Joseph Rose Alvernes her present husband on the 26th day of May A. D. 1945 * * *." When her motion for allowance *pendente lite* and counsel fees was heard in the superior court the petitioner herein denied that he had ever been married to or lived with Ann Alvernes. He therefore questioned the right of the superior court in the circumstances to act on the motion or to make any order thereon. It also appeared without dispute that Ann Alvernes was relying on an alleged common-law marriage with the petitioner and not on a ceremonial marriage.

In order to establish his above contention the petitioner attempted to cross-examine Ann Alvernes in regard to her allegation that he and she were man and wife, but her attorney objected to that line of questioning and was sustained therein by the trial justice, with the result that the petitioner was not able to obtain from her any material information in regard to the alleged marriage except that they had lived together in several states, without any explanation of the circumstances pertaining thereto.

In his rulings adverse to the petitioner the trial justice in substance held that the matter before him was merely the disposition of a preliminary motion in divorce proceedings; that the petitioner herein at such a hearing was not entitled to go into the question of whether he and Ann Alvernes were man and wife; that when the case was heard on its merits he would have his day in court on that issue; and that the fact that the divorce petition, which was sworn to, alleged a marriage between the parties made out a sufficient prima facie case on that point for the purposes of the motion. In rendering his decision at the conclusion of the hearing the trial justice stated that there was substantial evidence before him that the parties were married at the time claimed.

In *Bannon* v. *Bannon,* 270 N. Y. 484, the court had occasion, in passing upon one of the questions before it, to refer to the rights of the parties in a divorce case upon a hearing for allowance *pendente lite* when the respondent husband denied the existence of the marriage relation, as was the situation in the instant case. At page 487 of its opinion the court used the following language: "A wife is entitled to support from her husband and to an allowance for reasonable counsel fee, if an action is necessary to enforce her marital rights. A husband cannot by denial of the existence of the marital relation relieve himself even temporarily of its obligations. On the other hand, a woman cannot compel a man to support her even temporarily by mere assertion that a marriage exists. The existence of

the marriage relation is an essential element in a cause of action for separation or divorce and for alimony. * * * In order that a wife should not be left without means of support during the pendency of the action the court has, nevertheless, power to grant temporary alimony pending final decision, where the application is supported by *substantial proof of the existence of the marriage relation."* (italics ours) The court then goes on to say in effect that the wife, if she makes a *reasonably plain case* of the existence of the marriage relation, should be furnished with means for temporary support and for conducting her suit until the truth or falsity of her allegations can be ascertained from the evidence formally offered at the hearing of the case on its merits. In using the term "substantial proof" in the above quotation the court probably intended those words as the equivalent of prima facie evidence of the marriage relation.

Upon consideration we are of the opinion that the views expressed by the court in the *Bannon* case are sound in respect to the amount of evidence necessary to be presented by a petitioner in a divorce proceeding to support the marriage relation alleged in the petition when that relation is denied by the respondent at a preliminary hearing as is the situation here. In such circumstances, unless the parties are prima facie shown by the petitioner to be married, the trial court clearly would have no jurisdiction to enter a *pendente lite* order requiring the respondent to pay an allowance for support to the petitioner and counsel and witness fees, since the divorce action is necessarily based on the existence of the marriage relation. However, at such a hearing the petitioner is not required to prove the existence of that relation with the degree of certainty called for when the case is before the trial court for final determination on its merits. But the petitioner should at the hearing on the motion, if the marriage is denied as here, make out a reasonably plain case by submitting substantial prima facie evidence of its existence. In such case the

presentation of a marriage certificate would ordinarily amount to sufficient prima facie evidence of marriage to support an order for temporary allowance.

In the instant proceeding the *Bannon* case was cited to the trial justice and he apparently followed the rule therein set out, as he stated in effect that he considered there was substantial evidence before him that the parties were married. In our opinion, however, in so holding he was in error in that he did not correctly apply the rule to the evidence before him. It would appear that he based his finding largely on the fact that the divorce petition alleging the marriage relation was sworn to. It is our judgment that such a petition alone did not amount, even for the disposition of the preliminary motion, to substantial evidence making out a reasonably plain case of the existence of that relation in the face of a denial thereof.

In passing on a *pendente lite* motion for allowance, counsel and witness fees, the acceptance of merely a sworn divorce petition as sufficient prima facie evidence of a disputed marriage might well lead to serious consequences for a respondent. We recognize that a petitioning wife is entitled, in the appropriate circumstances, to interlocutory orders of the above kind so that she may properly prosecute her petition. But we also recognize that a respondent conceivably might be required to pay, over a period of time, substantial sums which he could not recover if he later established that there was no marriage between the parties. Consequently it is not unfair, when the marriage is in question, to require the petitioner to make out a reasonably plain case on that contested issue before obtaining from the trial court such an order, and not to allow her to rest solely on her sworn petition.

We are of the opinion that, in the circumstances appearing in the record, the trial justice should have permitted the petitioner herein to cross-examine Ann Alvernes within reasonable limits respecting the alleged marriage, instead of refusing to allow any such testimony. This is particu-

larly the case since it appeared at the hearing that she was relying on a common-law marriage between the parties although the allegation in the petition was that they were married on a day certain. We find therefore that, considering all the circumstances, the trial justice acted arbitrarily and in excess of his jurisdiction in entering the interlocutory order complained of.

The relief prayed for in the instant petition is granted. The order *pendente lite* heretofore entered in the divorce action between Ann Alvernes and the petitioner herein is quashed, without prejudice, however, to her right to file in the superior court in such divorce action, if she desires, another motion asking for temporary allowance and counsel and witness fees, and to have that motion decided upon evidence in accordance with this opinion.

The record certified by the superior court is returned to that court with our order, as above set forth, endorsed thereon.

*John C. Burke,* for petitioner.

*Edward C. Drinkwater,* for respondent.