DOROTHEA SCOTT, APPELLANT, V. LEWIS E. SCOTT ET AL., APPELLEES.

46 N. W. 2d 627

Filed March 2, 1951. No. 32924.

*Max Marshall* and *J. Leo Connolly,* for appellant.

*Samuel L. Winters,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

Dorothea Scott brought this action in the district court for Douglas County against Lewis E. Scott and Lucille Linville. The trial court sustained the demurrer of defendant Lucille Linville and, after trial, dismissed the action as to the defendant Lewis E. Scott. Her motion for new trial having been overruled, the plaintiff appealed.

While appellant's petition is none to clear as to the nature of the cause of action she intended to bring, however, it is apparent, considering the record made at the trial, it is for the purpose of securing separate maintenance. While such actions are proper, however, by their very nature they require a marriage relationship to exist between the parties for it is on that relationship that the right thereto must be based.

"Without seeking a divorce, a wife, who has not violated any duty growing out of the marriage relation, may maintain a suit in equity against her husband for separate maintenance, where he has violated his legal duty to support her." Sinn v. Sinn, 138 Neb. 621, 294 N. W. 381. See, also, Brewer v. Brewer, 79 Neb. 726, 113 N. W. 161, 13 L. R. A. N. S. 222; Rhoades v. Rhoades, 78 Neb. 495, 111 N. W. 122, 126 Am. S. R. 611; Cochran v. Cochran, 42 Neb. 612, 60 N. W. 942; Earle v. Earle, 27 Neb. 277, 43 N. W. 118, 20 Am. S. R. 667; Alvernes v. Alvernes, 75 R. I. 325, 66 A. 2d 373.

Appellee Lucille Linville was made a party to this action but the rights claimed against her are conditioned upon a recovery being had against appellee Lewis E. Scott. Consequently we will not discuss her relationship to this litigation until we have determined if appellant has any rights against appellee Scott. For convenience we will refer to appellee Lewis E. Scott as appellee.

The facts are very simple. Three weeks after appel-

lant obtained a decree of divorce in Nebraska she and appellee went to Elk Point, South Dakota, and there, on May 24, 1948, went through a marriage ceremony. After the ceremony they went to Council Bluffs, Iowa, where they lived together until December 17, 1949.

Appellant invokes the following principle as here controlling: "The general rule is that the validity of a marriage is determined by the law of the place where it was contracted; if valid there it will be held valid everywhere, and conversely if invalid by the lex loci contractus, it will be invalid wherever the question may arise." Forshay v. Johnston, 144 Neb. 525, 13 N. W. 2d 873. See, also, Riddle v. Peters Trust Co., 147 Neb. 578, 24 N. W. 2d 434; State v. Hand, 87 Neb. 189, 126 N. W. 1002; 28 L. R. A. N. S. 753.

Section 42-117, R. S. 1943, provides: "All marriages contracted without this state, which would be valid by the laws of the country in which the same were contracted, shall be valid in all courts and places in this state."

This presents two questions: First, what was the effect of the marriage ceremony performed in South Dakota just three weeks after appellant obtained a divorce decree in Nebraska; and second, what was the effect of their living together at Council Bluffs, Iowa, after the decree in Nebraska became final?

Appellant did not plead the law of either South Dakota or Iowa. We have long followed the rule that: "In the absence of pleading and proof to the contrary, the statutes of a sister state are presumed to be the same as those of this state." First State Bank of Herrick v. Conant, 117 Neb. 562, 221 N. W. 691. And, as stated in Stark v. Olsen, 44 Neb. 646, 63 N. W. 37: "Such presumption applies not alone to the written but as well to the unwritten laws of other states." See, also, In re Application of Blackwell, 145 Neb. 256, 16 N. W. 2d 158; Forshay v. Johnston, *supra;* Scroggin v. McClelland, 37 Neb. 644, 56 N. W. 208, 40 Am. S. R. 520, 22 L. R. A. 110.

However, the 1947 Legislature passed the "Uniform Judicial Notice of Foreign Law Act," being Laws 1947, c. 93, p. 272, and now sections 25-12,101 to 25-12,107, inclusive, R. R. S. 1943.

This act, so far as here material provides:

"Every court of this state shall take judicial notice of the common law and statutes of every state, territory and other jurisdiction of the United States." § 25-12,101, R. R. S. 1943.

"The court may inform itself of such laws in such manner as it may deem proper, and the court may call upon counsel to aid it in obtaining such information." § 25-12,102, R. R. S. 1943.

"Any party may also present to the trial court any admissible evidence of such laws, but, to enable a party to offer evidence of the law in another jurisdiction or to ask that judicial notice be taken thereof, reasonable notice shall be given to the adverse parties either in the pleadings or otherwise." § 25-12,104, R. R. S. 1943.

"The law of a jurisdiction other than those referred to in section 25-12,101 shall be an issue for the court, but shall not be subject to the foregoing provisions concerning judicial notice." § 25-12,105, R. R. S. 1943.

We said in Snyder v. Lincoln, *ante* p. 611, 45 N. W. 2d 749, wherein we considered section 25-12,101, R. R. S. 1943, that: "The courts of Nebraska are authorized to take judicial notice of the common law and statutes of another state."

The foregoing statutes were not intended to remove the necessity of pleading and presenting the common law or statutes of another jurisdiction of the United States when recovery based thereon is sought in an action brought in this state to enforce a cause of action arising thereunder. It only removes the requirement of proving it. A court may require that it be pleaded and presented. See sections 25-12,102 and 25-12,104, R. R. S. 1943.

While under this act we are authorized to take judicial

notice of the common law and statutes of every other jurisdiction of the United States we will do so only when error is assigned that the trial court, in rendering its decision, failed to take judicial notice of and follow the common law or statutes of any other jurisdiction of the United States wherein the cause of action arose which were pleaded and presented to it and such common law or statutes are presented and discussed in the brief.

In the absence of the common law or statutes of any other jurisdiction in the United States being pleaded and presented we will presume the common law or statutes of such other jurisdiction to be the same as ours.

Section 42-340, R. S. 1943, provides in part: "A decree of divorce shall not become final or operative until six months after trial and decision, except for the purpose of review by appeal, and for such purpose only the decree shall be treated as a final order as soon as rendered * * *."

"When a decree of divorce is rendered it does not become operative until six months thereafter. During the period of time from the rendition of the decree until it becomes final, as provided by law, the bonds of matrimony which previously existed between the parties are not dissolved." Shinn v. Shinn, 148 Neb. 832, 29 N. W. 2d 629. See, also, Sovereign Camp, W. O. W. v. Billings, 107 Neb. 218, 185 N. W. 426; Holmberg v. Holmberg, 106 Neb. 717, 184 N. W. 134; In re Estate of Troemper, 160 Kans. 464, 163 P. 2d 379; Eaton v. Eaton, 66 Neb. 676, 92 N. W. 995, 60 L. R. A. 605.

Section 42-103, R. S. 1943, provides, as far as here material, as follows: "Marriages are void * * * (2) when either party has a husband or wife living at the time of the marriage * * *."

It is well settled that a marriage contract between a man and woman, one of whom is married, is contrary to public policy, illegal, and void. See, Drummond v. Irish, 52 Iowa 41, 2 N. W. 622; Barnett v. Barnett, 191 Ga. 501, 13 S. E. 2d 19; State v. Grengs, 253 Wis. 248, 33

N. W. 2d 248; Oliver v. Oliver, 185 F. 2d 429; Ex parte Soucek, 101 F. 2d 405; Stuart v. Schoonover, 104 Okl. 28, 229 P. 812.

Appellant being a married woman on May 24, 1948, the marriage she entered into with appellee on that date at Elk Point, South Dakota, was void.

Since the enactment by the 1923 Legislature of Chapter 40, section 2, page 154, Laws 1923, now section 42-104, R. S. 1943, common law marriages are no longer recognized in Nebraska.

Section 42-104, R. S. 1943, provides: "Previous to the solemnization of any marriage in this state, a license for that purpose must be obtained from the county judge of the county wherein the marriage is to take place, and no marriage hereafter contracted shall be recognized as valid unless such license has been previously obtained, and unless such marriage is solemnized by a person authorized by law to solemnize marriages."

As stated in Collins v. Hoag & Rollins, 122 Neb. 805, 241 N. W. 766: "A valid marriage can be contracted in this state only when the parties have previously obtained a license to marry, and when the marriage has been solemnized by a person authorized by law to solemnize marriages." See, also, Christensen v. Christensen, 144 Neb. 763, 14 N. W. 2d 613.

Appellee pleaded: "* * * the law of Iowa specifically provides that it shall be illegal for any person to contract a marriage in Iowa without obtaining a license, * * *." However, neither party presented any statute or decision of Iowa to sustain such allegation. In the absence of any law of Iowa being sufficiently pleaded and presented the laws of that state will be presumed to be the same as ours. Consequently appellant and appellee could not obtain the status of man and wife by merely living together in Iowa after the Nebraska decree of divorce became final.

The marriage ceremony appellant and appellee went through at Elk Point, South Dakota, on May 24, 1948,

being void and the subsequent living together of the parties in Council Bluffs not culminating in a marriage relationship, we find no basis upon which the action can be sustained. This also disposes of all rights which appellant claims against appellee Lucille Linville as those rights are conditioned upon her obtaining a recovery against the appellee. The decision of the trial court being correct, it is affirmed.

AFFIRMED.