STATE OF NEBRASKA EX REL. CLARENCE S. BECK, ATTORNEY
GENERAL, AND THE DEPARTMENT OF BANKING OF THE STATE
OF NEBRASKA, APPELLANT, V. ASSOCIATES DISCOUNT COR-
PORATION, A FOREIGN CORPORATION, ET AL., APPELLEES,
THEODORE L. RICHLING, RECEIVER, APPELLANT.

97 N. W. 2d 583

Filed July 3, 1959. No. 34398.

*Clarence S. Beck,* Attorney General, and *Robert A.
Nelson,* for appellant State.

*Shotwell, Vance & Marchetti,* for appellant Richling.

*John W. Delehant, Jr.,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE,
YEAGER, WENKE, and BOSLAUGH, JJ.

WENKE, J.

In view of the motions for rehearing filed herein by
the appellees Associates Discount Corporation and John
F. Kemnitz and the appellant Theodore L. Richling, re-
ceiver, we find a supplemental opinion to be necessary.

In our original opinion we allowed the receiver fees
of $12,000 for all ordinary services performed, and to be
performed, by him in connection with the receivership
from November 12, 1957, up until it is closed and also
allowed fees for his counsel of $4,380 during this same
period of time providing, however, that: "If extra-
ordinary and unusual services are required in connection
therewith the receiver may apply to the district court
for additional compensation to cover such services."
State ex rel. Beck v. Associates Discount Corp., *ante* p.
298, 96 N. W. 2d 55.

We have now come to the conclusion that in doing so we were premature and therefore set aside and vacate that part of our opinion so holding. The amount of fees which should be allowed the receiver and his counsel for services rendered in connection therewith subsequent to November 12, 1957, should be fixed by the trial court at a hearing provided for that purpose by it after the purposes for which the receivership was created have been fully carried out. At this hearing all interested parties, including the receiver, should be given an opportunity to present any relevant evidence relating to the services actually rendered by the receiver and his counsel subsequent to November 12, 1957, that will be of assistance to the trial court in determining what the amount of the fees should be. However, when determined, they should be taxed to the appellee Associates Discount Corporation as part of the costs of this proceeding.

Appellees now contend that the Installment Loan Act governs only loans of money and that we judicially broadened the scope of the language thereof to include renewals, which they contend are not loans within the meaning of the act. While we think the renewals, as handled by appellees, resulted in each case in a new debt or loan we think the language of the act is broad enough to cover an installment loan when the consideration therefor is the unpaid balance of a preexisting debt. See particularly §§ 45-137, R. R. S. 1943, 45-138, R. S. Supp., 1955, 45-155, R. R. S. 1943. It will be noted that the effect of any "violation" of the act relates to "any indebtedness, however acquired."

Appellees now contend the civil penalties and forfeitures provided for by the act cannot be imposed without Associates or any of its officers or employees having been charged with, tried for, and convicted of violating the act as provided for in section 45-128, R. R. S. 1943. We do not think such is a prerequisite to the state or any interested persons enforcing the provisions

of the act as they relate to the civil penalties and provisions therein provided for because of violations thereof. As stated in section 45-155, R. R. S. 1943: *"Violation of sections 45-114 to 45-155 in connection with any indebtedness, however acquired, shall render such indebtedness void and uncollectible."* (Emphasis ours.) See, also, §§ 45-137, R. R. S. 1943, 45-138, R. S. Supp., 1955, and 45-157, R. R. S. 1943; State ex rel. Beck v. Associates Discount Corp., 162 Neb. 683, 77 N. W. 2d 215; Powell v. Edwards, 162 Neb. 11, 75 N. W. 2d 122.

In view of the foregoing both motions for rehearing hereinbefore referred to are overruled.

FORMER OPINION MODIFIED.

MOTIONS FOR REHEARING OVERRULED.