Gerald **FULLINGTON**, Plaintiff,

v.

**IOWA SHEET METAL CONTRACTORS, INC.**, Defendant.

Civ. No. 03037.

United States District Court,
D. Nebraska.

Nov. 24, 1970.

Martin Cannon, of Matthews, Kelley, Cannon & Carpenter, Omaha, Neb., for plaintiff.

A. G. Schatz, of Gross, Welch, Vinardi, Kauffman, Schatz & Day, Omaha, Neb., for defendant.

MEMORANDUM AND ORDER

RICHARD E. ROBINSON, Chief Judge.

This matter comes before the Court on defendant's motion for judgment notwithstanding the verdict, or in the alternative for a new trial, pursuant to Rule 50 [b] and Rule 59 respectively, of the Federal Rules of Civil Procedure. [Filing #33]. Briefs have been submitted and oral arguments heard.

This case is based upon diversity of citizenship jurisdiction, pursuant to 28 U.S.C.A. § 1332, the plaintiff being a citizen of Nebraska and the defendant being an Iowa corporation with its principal place of business also in that state.

The complaint alleged that defendant was a subcontractor on a certain construction project in Marshalltown, Iowa, and that its employees were engaged in delivering material to the construction site on October 6, 1966. Defendant's employees secured permission to spot the truck containing the material at a certain point, but in order to safely un-

load at that point it was necessary to cover a hole located nearby with a piece of plywood board. The general contractor, Austin Co., had given permission through its employees, to defendant's employees to unload at that particular spot and also to cover the hole with plywood.

Defendant's employees absented themselves from the unloading site temporarily, and an employee of Austin Co., the general contractor, drove a loaded fork lift over the plywood. The fork lift broke through the board and partially fell into the hole dumping the load of material on plaintiff and causing him the injuries for which he seeks recovery in this suit. Plaintiff was a bricklayer employed by Austin Co., the general contractor, and was engaged in work on the construction project at the time he was injured. He was a fellow employee or servant of the person who drove the fork lift across the plywood board. The fork lift driver had been previously warned not to drive over pieces of plywood on the floor or ground.

The case was tried with a jury and the jury returned a plaintiff's verdict in the sum of $60,000.00.

A federal district court generally applies the choice of laws and rules of the state in which it sits. Klaxon Co. v. Stentor Mfg. Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 [1941]; Griffin v. McCoack, 313 U.S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481 [1941].

However, this Court's research indicates that the Nebraska Supreme Court has never decided the question of what law to apply when one of its citizens is injured in another state by a citizen of that other state, and the injured party sues in Nebraska.

The reason why the Nebraska Supreme Court has not decided that issue is largely due to its interpretation of the Uniform Judicial Notice of Foreign Law Act as adopted in Nebraska, § 25–12,101 R.R.S.1943 et seq. [Reissue of 1964]. That court has held that the Uniform Judicial Notice of Foreign Law

Act does not remove the necessity of pleading and presenting the common law or statutes of a sister state if a party to an action seeks to rely on the law of the foreign state. See Scott v. Scott, 153 Neb. 906, 46 N.W.2d 627 [1951]; Smith v. Brooks, 154 Neb. 93, 47 N.W.2d 389 [1951]. And unless the laws of the other state are pleaded and proven, such laws are presumed to be the same as the law of the forum. Abramson v. Abramson, 161 Neb. 782, 74 N.W.2d 919; 76 N.W.2d 55, modified, rehearing denied, 168 Neb. 803, 97 N.W.2d 583 [1959]; Weesner v. Weesner, 168 Neb. 346, 95 N.W.2d 682 [1959]. The absence of any applicable choice of law rule is due to the fact that foreign law is rarely pleaded and proven in Nebraska, and the Nebraska courts therefore follow their own law.

■ However, this Court held in the case of Simmons v. Continental Casualty Company, 285 F.Supp. 997 [D.C.Neb. 1968], that the aforementioned Nebraska rule is merely one of pleading and not one of substantive law and, hence not subject to the doctrine of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 [1937]. The *Simmons* case was affirmed by the Eighth Circuit Court of Appeals. See Simmons v. Continental Casualty Company, 410 F.2d 881 [8th Cir. 1968]. In affirming this Court in its conclusion that the Nebraska rule didn't apply in a federal court, the Court of Appeals said as follows:

"The Nebraska courts have laid down the rule that if the law of a foreign state is not pleaded and proven it is presumed to be the same as the law of the forum. Despite the fact that Illinois law was not pleaded by the Company, the district court took judicial notice of the law of that state. It was not a violation of the doctrine of Erie R. R. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L.Ed. 1188 [1938] and Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 [1941], for the federal court to reject such a presumption. * * *"

■ Since this Court is not bound by the Nebraska pleading rule it was necessary in the present case to determine whether Nebraska or Iowa law applied, because Nebraska itself has no choice of law rule governing the type of action herein involved. This Court being free to fashion a choice of law rule of its own, adopted the modern trend in this area, of isolating the particular issue and then applying the law of the state having the most significant contacts with that particular issue. Here, the particular issue involved is the injury to the plaintiff, and the state having the most significant contact with that issue is Iowa, since that is where the injury occurred. This Court's instructions on the law of this case were in accord with present Iowa law.

First of all defendant's motion for a judgment notwithstanding the verdict, pursuant to Rule 50 [b] of the Federal Rules of Civil Procedure, is without merit.

A motion for judgment n. o. v., like the motion for directed verdict, raises only the legal question of whether there was enough evidence to make an issue for the jury. It is unlike a motion for a new trial, where the court has discretion to set aside a verdict and grant a new trial even if the verdict is supported by substantial evidence. The motion for judgment n. o. v. must be denied if there is any substantial evidence supporting the verdict. The credibility of witnesses and the weight of the evidence, proper consideration on a motion for a new trial, are not considered at all on a motion for judgment n. o. v. The evidence must be viewed in the light most favorable to the party against whom the motion is made, and he must be given the benefit of all legitimate inferences which may be drawn in his favor from that evidence, and the motion must be denied if, so viewed, reasonable minds might differ as to the conclusions of fact to be drawn.

There are of course the same standards applied on a motion for a directed verdict under Rule 50 [a] of the Federal Rules of Civil Procedure. See 2B Barron and Holtzoff [Wright Ed.], § 1075.

■ This Court was and is of the opinion that there was enough evidence in this case to raise a jury issue, and defendant's motion for judgment n. o. v. will be denied.

In considering defendant's motion for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure, which rule does not list the grounds for which a new trial may be granted, but says only that this action may be taken for any of the reasons for which new trials have heretofore been granted in actions at law in federal courts. The usual grounds for a new trial are that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair, and the motion may also raise questions of law arising out of substantial errors in the admission or rejection of evidence or the giving or refusal to give certain instructions. Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147 [1940]; 3 Barron and Holtzoff [Wright ed.], § 1304.

Defendant's primary contention on this motion is that as a matter of law the acts of defendant's employees were not the proximate cause of plaintiff's injury. Defendant cites in support of its contention the Iowa case of Klunenberg v. Rottinghaus, 256 Iowa 731, 129 N.W. 2d 68 [1964] wherein it was said as follows:

"When the negligence is too remote from the injury the chain of causation breaks. The breaking point is not easy to determine. In Chenoweth v. Flynn, supra, 251 Iowa [11] loc. cit. 17–18, 99 N.W.2d [310] at 314, we said:

'It is the rule too well established to require the citation of authority, that the question of proximate cause is generally for the jury to determine, although the line of demarcation between what is sufficiently proximate and what is too remote is often a thin one. If upon looking back from the injury, the connection

between the negligence and the injury appears unnatural, unreasonable, and improbable in the light of common experience, such negligence would be a remote rather than a proximate cause. If, however, by a fair consideration of the facts based upon common human experience and logic, there is nothing particularly unnatural or unreasonable in connecting the injury with the negligence, a jury question would be created.' "

This Court is of the opinion that when the evidence in this case is viewed as a whole, it cannot be said on the basis of the foregoing Iowa test of proximate cause, that the acts of defendant's employees were not the sole proximate cause of plaintiff's injury.

Whether or not the employees' acts were the proximate cause of plaintiff's injury is a question over which reasonable minds could differ, and was for the trier of fact, and since it does not appear that the jury misapplied the law their verdict should stand. Accordingly,

It is ordered that defendant's motion for judgment notwithstanding the verdict should be and is hereby overruled. And,

It is further ordered that defendant's motion for new trial should be and is hereby overruled.