Oscar L. EPPERSON, Plaintiff,

v.

Mary B. CHRISTENSEN, Defendant.

Civ. No. 03296.

United States District Court,
D. Nebraska.

April 22, 1971.

Jon J. Gergen, of Haney, Wintroub &
Haney, Omaha, Neb., for plaintiff.

## MEMORANDUM AND ORDER

DENNEY, District Judge.

This matter comes before the Court on the motion of defendant for summary judgment [Filing 36]. Oral argument was heard from plaintiff's counsel but defendant's counsel, despite notice failed to present oral argument. It should be noted that the Court was adequately advised of defendant's position from the brief filed with the Court in support of this motion. The Court is now ready to render its decision.

This case arises out of an automobile accident which occurred in Minnesota while plaintiff, a citizen and resident of Iowa, and defendant, a citizen and resident of Nebraska, and members of their respective families were returning

from a one-week fishing trip to the Lake of the Woods near Baudette, Minnesota. Plaintiff was a non-paying passenger in the automobile defendant was driving, when, approximately ten (10) miles from Willmar, Minnesota, while proceeding south on U.S. Highway 71, the auto driven by defendant collided into the rear end of another automobile at a country road turn-off. Plaintiff sustained injuries in that accident, for which he seeks damages in this action.

There is further conflicting evidence before the Court upon the determination of this motion, but that can be disposed of without further comment.

The thrust of defendant's motion, in stating in her memorandum brief that Iowa law, particularly the Iowa "guest statute," should be applied here, is that plaintiff has not pleaded, nor is there anywhere contained in the depositions or other evidence before this Court, any facts which could be used to prove "gross negligence" as required under the Iowa law.

■ Assuming, *arguendo*, that plaintiff could not conceivably show gross negligence, defendant's motion must fail for another reason. Under the law presently controlling this Court in a diversity action, in a conflict of laws situation, a federal district court *must* apply the conflict of laws rule of the state in which it sits. Klaxon Co. v. Stentor Electric Manufacturing Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 [1941]. The Eighth Circuit has also so interpreted the *Klaxon* case. Rose Barge Line, Inc. v. Hicks, 421 F.2d 163 [8th Cir. 1970].

■ The question then presented is what conflict of laws rule the Nebraska Supreme Court has held applicable in this situation. Nebraska presently adheres to the doctrine, in this type of litigation, of lex loci delicti——the law of the place of the tort applies. Alesio v. Lococo, 134 Neb. 461, 279 N.W. 154 [1938]; Cappellano v. Pane, 178 Neb. 493, 134 N.W.2d 76 [1965].

■ The accident here involved occurred in Minnesota. The Nebraska Supreme Court holds that the law of the place of the accident is the law which applies, to determine the degree of negligence of which the plaintiff must prove the defendant driver guilty before recovery can be had.

■■ Minnesota law requires that a non-paying passenger need only prove ordinary or "simple negligence" in an action such as this. Berlin v. Koblas, 183 Minn. 278, 236 N.W. 307 [1931]. As to simple negligence, there are, in the action before this Court, several material issues of disputed fact and, accordingly, the sustaining of a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure would not be proper.

It might be well to note, at this point, that defendant might complain that Minnesota law was never pleaded by plaintiff and that, according to Nebraska law, there is a presumption of identity of foreign law with that of Nebraska where the same are not pleaded. Scott v. Scott, 153 Neb. 906, 46 N.W.2d 627.

■ However, this Court is not bound by the strictures of Nebraska rules of pleading and this Court takes judicial notice, in disposing of this motion, of the law of Minnesota as it applies here. See Simmons v. Continental Casualty Company, 285 F.Supp. 997 [D.C.Neb.1968], aff'd. 410 F.2d 881.

Accordingly,

It is ordered that defendant's motion for summary judgment should be, and is hereby, overruled.