**K–PARTNERS III, LTD., a Colorado Limited Partnership, as Successor To: The Resolution Trust Corporation, as Receiver for ABQ Federal Savings Bank, Plaintiff–Appellant,**

v.

**WLM HOSPITALITY CORPORATION, Receiver–Appellee.**

No. 93CA1628.

Colorado Court of Appeals, Div. I.

Sept. 8, 1994.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1993 Cum.Supp.).

Shand, McLachlan & Newbold, P.C., Keith Newbold, Durango, for plaintiff-appellant.

The Benitez Professional Corporation, John R. Benitez, Edward J. Posselius, III, Denver, for receiver-appellee.

Opinion by Judge ROY.

K–Partners III, Ltd., (the partnership) appeals from the order of the trial court directing it to pay certain fees and costs of WLM Hospitality Corporation (the receiver). We reverse the order awarding compensation to the receiver and remand the matter for further proceedings.

In May 1992, the trial court appointed the receiver to manage the Fairfield Pagosa Lodge during foreclosure proceedings. The Resolution Trust Corporation subsequently acquired a certificate of purchase for the Lodge at a public trustee's sale, and the partnership purchased the certificate in October 1992. Approximately six months later, in April 1993, the trial court entered an order pursuant to a stipulation terminating the receivership and transferring possession of the Lodge to the partnership.

In June 1993, the receiver filed its final report and accounting and moved for an order of discharge. The receiver also requested an order requiring the partnership to pay approximately $22,000 in receiver fees and expenses incurred after the partnership acquired its interest in the Lodge in October 1992.

The partnership filed an objection asserting that the receiver was not entitled to the fees and expenses in the amount sought, requesting an audit of the receivership, and requesting a hearing with respect to "all other matters relative to: (a) the Receiver's

report and accounting, [and] (b) the request by the Receiver for payment of additional sums."

The partnership alleged that it and the receiver entered into a separate agreement for management of the Lodge after the partnership acquired an interest in the property and that the receiver was in breach of unspecified provisions of that agreement. In addition, on the basis that it had "certain questions about the propriety of actions taken by the receiver," the partnership requested permission to conduct an audit of the receivership.

In its reply, the receiver denied having entered into a separate management agreement and asserted that the partnership's objections were too vague to warrant a response. The receiver did not address the partnership's request for a hearing, but did agree to an audit.

The trial court rejected the partnership's request for a hearing, discharged the receiver, awarded the full amount of fees and expenses requested by the receiver, and authorized the partnership to conduct an audit of the receiver's records provided that the receiver would be entitled to a hearing with respect to an award of any fees and expenses attributable to the audit, including attorney fees. The partnership did not object to the discharge of the receiver before the trial court and does not appeal it.

■ The partnership contends that the trial court erred in failing to conduct a hearing before granting the receiver's request for payment of its fees and costs and with respect to issues raised with regard to the administration of the receivership. We agree.

■ A receiver is a fiduciary of the court and of the persons interested in the estate. *Zeligman v. Juergens,* 762 P.2d 783 (Colo. App.1988).

■ A receiver's fees are paid out of the receivership assets, and if the assets are insufficient to pay the fees, the deficiency is taxed as a cost in the case against the party that secured appointment of the receiver. 10 S. Siefert, *Creditors' Remedies–Debtors' Re-*

*lief* § 7.23 at 40–41 (1990). The receiver bears the burden of proof to show entitlement to payment in the amount claimed, 2 R. Clark, *The Law & Practice of Receivers* § 641(f) at 1097 (3d ed. 1959), and the amount of the award lies within the sound discretion of the trial court. *Zeligman v. Juergens, supra.*

■ The parties to an action are required to raise any exceptions to a fee request in a receiver's final report, as well as any claim based on the receiver's misfeasance or malfeasance, before the trial court enters an order discharging the receiver. *See Four Strong Winds, Inc. v. Lyngholm,* 826 P.2d 414 (Colo.App.1992).

■ A timely exception to the final report raises a fact question, and the party raising the exception is entitled to an opportunity to be heard and to present evidence on the issue. 2 R. Clark, *The Law & Practice of Receivers* § 641(f) & (h) at 1097, 1099 (3d ed. 1959). *See State v. Associates Discount Corp.,* 168 Neb. 803, 97 N.W.2d 583 (1959); *Mid–Continent Supply Co. v. Conway,* 240 S.W.2d 796 (Tex.Civ.App.1951). *Cf. Pedlow v. Stamp,* 776 P.2d 382, 385 (Colo.1989) (when a party contests a motion for an award of attorney fees pursuant to § 13–17–101, et seq., C.R.S. (1987 Repl.Vol. 6A), that party has a right to, and the trial court has a duty to conduct, a hearing to consider whether the fees requested were reasonable and necessary).

In this instance, the receiver's motion was supported by 122 pages of financial statements, a brief, an itemized summary of the tasks performed, and a statement of the amount of time spent by the receiver. The motion, however, was not verified, and the receiver did not submit an affidavit representing that the activities and the charges were reasonable or necessary. *See* C.R.C.P. 43(e) (when a motion for discharge of a receiver is based on facts not appearing of record, the trial court "may hear the matter on affidavits presented by the respective parties").

In addition, while the trial court authorized an audit of the receivership, it made no provision for addressing issues pertinent to the

receiver's performance of its duties which might be revealed by the audit. Therefore, given the discharge of the receiver, any information gleaned from the audit could be used only if the trial court granted relief from the order of discharge pursuant to C.R.C.P. 60(b). *Four Strong Winds, Inc. v. Lyngholm, supra.*

While the partnership's objections are admittedly vague and general, it is the audit which has the potential of verifying, or not verifying, the basis of the partnership's objections.

The trial court's award of fees and expenses to the receiver, over the objection of an interested party, without a hearing, without any representation that they were reasonable and necessary, and without evidence through sworn testimony or verified documents that the services were performed and that the charges and expenses are reasonable, constituted an abuse of discretion. *See Mid–Continent Supply Co. v. Conway, supra; see generally* 2 R. Clark, *The Law & Practice of Receivers* § 641(h) at 1099 (3d ed. 1959).

In view of the foregoing, we need not address the partnership's remaining contentions. We also need not review matters relating to the receiver's attorney fees incurred with respect to the audit because no such fees have yet been awarded. Therefore, the attorney fees issues are premature. *See In re Marriage of Gavito,* 794 P.2d 1377 (Colo. App.1990); *see also State v. Associates Discount Corp., supra.*

The order awarding costs and expenses to the receiver is reversed, and the cause is remanded for further proceedings consistent with this opinion. The remainder of the appeal is dismissed.

METZGER and RULAND, JJ., concur.